JACKSON, *ex dem.* YATES and others, *against* HATHAWAY.

THIS was an action of ejectment, brought to recover a lot of land in the city of *Hudson.* The cause was tried before Mr. J. *Platt,* at the *Columbia* circuit, in *September,* 1817.

By letters patent, dated the 4th of *March,* 1667, a certain parcel of land, including the premises in question, was

When a highway is laid out over the land of a private person, the public acquires no more than a right of way, or easement, and the title of the original proprietor still continues : he may use the land in any manner not inconsistent with the public right; is entitled to all mines, &c., and may maintain trespass or ejectment in relation to it.

If a person over whose land a highway is laid out, convey the land on each side of it, describing it by such boundaries as do not include the road or any part of it, the property in the road does not pass to the grantee, as it is excluded by the description in the grant; and it cannot pass as an incident, being in itself a distinct parcel of land, and the fee of one piece of land not mentioned in a deed, cannot pass as appurtenant to another.

When an old road, the fee of which is in one person, is discontinued, and a new road laid out over the land of another person, which land is contiguous to the old road, the proprietor of the land is not entitled to the old road, as a compensation for the land taken for the new road, under the 17th section of the *act to regulate highways,* (sess 36. c. 33. 2 *N. R. L.* 275.) which only applies where another road is substituted over the land of the same proprietor.

granted to *Jan Franse Van Hoesen.* The land came, in the course of descent, to *Johannes Van Hoesen,* who died in 1780,. having made a will, one of the devisees under which is *John V. H. Huyck,* one of the lessors of the plaintiffs. It was admitted that the premises in question had always been held under title derived from the original patentee. A witness, on the part of the plaintiff, testified, that the defendant was in possession of a lot of land of about five acres, in the city of *Hudson ;* that the old *Claverack* road runs through the lot, and that the road had been inclosed by the defendant, within sixteen years, and since the year 1801. The defendant produced, in evidence, deeds for the land lying on each side of the old *Claverack* road ; and it was admitted that, with the exception of the road, the defendant had, under these deeds, a good title to all the land. in his possession. One of the deeds was from *J. V. H. Huyck,* dated 25th of *July,* 1798.

By an order of the Common Council of the city of *Hudson,* dated the 23d of *April,* 1801, it was resolved, that a certain street should be laid out, provided that the defendant *Hathaway* should cede to the corporation all the lands which should be taken from him, by laying out the street, in which case the Common Council would cede to him, in exchange therefor, the old road before mentioned.

A verdict was taken for the plaintiff, subject to the opinion of the court, whether the plaintiff was entitled to recover. the old road.

*Cantine,* for the plaintiff. The freehold, or fee, of a highway belongs to the original owner. of the soil, and he may maintain trespass or ejectment for it. The public have only the right of passage, or use of the land for a highway, which is an *easement* or *servitude.* (*Cortelyou* v. *Van Brundt,* 2 *Johns. Rep.* 357. 363. *Lade* v. *Shepherd,* 2 *Str.* 1004. *Mayor of Northampton* v. *Ward,* 1 *Wils.* 107. 2 *Str.* 1258. S. C. 1 *Roll. Abr.* 392. *Chimin Private,* (B.) 6. *l.* 2, 3, 4, 5. 8 *E.* IV. 9. 2 *E.* IV. 9. 8 *H.* VII. 5, 6. *Brook's Abr. Chimin,* 9, 10. 1 *Burr.* 143. *Brook's Abr.* .*Nuisance,* pl. 28. 8 *H.* VII. 5. 3 *Comyn's Dig.* 27, 28. *Chimin,* (A. 2.) 3 *Bac. Abr.* 494. *Highways* (B.) 4 *Vin.*

*Abr.* 515. *Chimin private* (B.) *Fitzherb. Abr. Chimin,* pl. 1. *Fitzh. Trespass*, pl. 95. 2 *Inst.* 705. *Wood's Inst.* 28.) In the case of *Perley* v. *Chandler*, before the Supreme Court of *Massachusetts*, the same doctrine was expressly laid down by Ch. J. *Parsons*, who delivered the opinion of the court. (6 *Mass. Rep.* 454.)

Again ; a grant of land *to* a road, does not include the half or any part of the road. The rule as to *rivers* does not apply.

*E. Williams,* contra. The court will not be disposed, in this case, to intend any thing in favour of the plaintiff, unless compelled by some stubborn and inflexible rule of law. By the 44th section of the act to regulate highways, (2 *N. R. L.* 284.) *Hudson* is declared to be a town for all purposes intended by the act, except that the Mayor, Aldermen, and Commonalty of the city, are Commissioners of Highways. The Common Council being, *ex officio*, Commissioners of Highways, had power to shut up the old road. By the 17th section of the same act, (2 *N. R. L.* 275.) it is enacted, " that where any road shall run through the lands of any person, or along the boundaries thereof, in whole or in part, and the same shall become unnecessary, or be discontinued, by reason of some other road to be established and laid out, by virtue of this act, through the lands of the same person, the jurors or commissioners making the assessment, shall take into calculation the value of such road, so discontinued, or become unnecessary, and the benefit resulting to such person by reason of such discontinuance, and make deduction from the amount of such assessment accordingly, and the balance, and no more, shall be the sum to be assessed and paid, for the opening and laying out such new road ; and thereupon it shall be lawful for the owner of the land to enclose so much of the road, so discontinued or become unnecessary, as shall run through his land along the boundaries thereof." This act gives to the person ceding a new road a right to shut up or inclose and enjoy the old road through or along his land. If an actual conveyance, or deed of cession, to the Common Council from the defendant was necessary, the court, after this lapse of

time, will intend that there was such a conveyance. But we contend that it was not necessary. The law will imply the cession.

The owners of land bounded on roads, rivers, and creeks, are bounded on *lines*, and own to the middle of the line or road or creek. In *Jackson, ex dem.* the trustees of *Kingston*, v. *Lowe*, (12 *Johns. Rep.* 252.) one of the boundaries in the plaintiff's deed, was " to a white oak tree marked, standing near the said *kill*, then up the said *kill* north," &c. Mr. J. *Yates*, in delivering the opinion of the court, says, " this description or boundary never can be satisfied by running a direct or straight line ; the terms *up the same*, necessarily imply, that it is to follow the creek, according to its windings and turnings, and that must be in the middle or centre of it. The rule is well settled, that when a creek not navigable, and which is beyond the ebb and flow of the tide, forms a boundary, the line must be so run." The court looked to the intention of the grantor.

The deed from *H.* to the defendant conveys all right, title, &c. reversion and reversions, remainder and remainders, and with the hereditaments and appurtenances, &c. to the premises belonging or appertaining. This is sufficient to comprehend the old road, in case a new one should be opened, and the old one be discontinued. Many things pass by a deed, not specified in it, but which are necessary to the perfect enjoyment of the premises granted. It can never be supposed that the grantor meant to reserve a right to this old road. The law will intend that it was included in the grant of the land through which it run. The lessors entered under the devisees of the patentee, and when they sold the farm, the right to the road also passed. In the ever-varying circumstances of this country, how many old roads have fallen into neglect and disuse, as new and better roads have been opened. What a floodgate of litigation will be opened, should it be decided that these old roads do not belong to the owners of the adjoining lands ! New cities and towns are every day rising, and populous streets cover the ancient roads and ways laid out on the first location of patents. In the case cited from *Massachusetts*, Ch. J. *Parsons* observed, that there was a defect.

in the case, that it was not alledged, that C. was seized of the land covered by the highway ; nor that the water course was sunk in this land, nor that the way had been previously laid out. Besides, there is no such statute in *Massachusetts*, as that of this state, relative to highways.

*Oakley*, in reply, contended, that the description and boundaries in the defendant's deed, did, in their very terms, exclude the road. Can the defendant, by implication, or by the construction of the statute, acquire a title to land which is, confessedly, in the lessor of the plaintiff, or the persons under whom he claims ? If the act does bear such a construction; if it takes the land of the lessor, and gives it to *H.* without his consent, or a just compensation for it, then the statute is, so far, unconstitutional and void. But the act admits of a just and reasonable interpretation, without involving such a consequence. It applies to those cases only, where the owners of the land adjoining the highway are, also, owners of the land over which the road. passes. It could never have been intended by the legislature, that when the fee of the road was in one person, he should be devested of it, and the property transferred to another, by the mere operation of the act. Suppose a conveyance of land made since the passing of that act, in which a road running through the land conveyed is excepted, in express terms, and that road is afterwards discontinued and shut up, would the old road then pass to the owners of the adjoining lands by virtue of the statute ? The terms *running along* the road, do not mean that the road runs *through* the land. Where land is conveyed with covenants for quiet enjoyment, against incumbrances, &c. the existence of a road, or right of way over it, would be a breach of the covenant. Thus, if the deed bounds the premises *by*, or *along*, *a road*, it would, according to the argument of the defendant's counsel, include the road, the existence of which would be a breach of the covenant.

The case of *The Trustees of Kingston* v. *Lowe* is very different from the present. Cannot a deed contain words which will exclude a *creek* at which the boundaries begin ? No words of exclusion can be stronger than those in the de-

fendant's deed. The subject of the conveyance is the land within the precise metes and bounds given, and nothing else. The law may, in a supposed case, give a right of way as appurtenant to the land granted, because essential to its enjoyment; but it does not give the *land* over which the right of way passes, as àn appurtenant. The usual sweeping clause in the deed, of all right, title, interest, reversion, &c. though they may include *easements* or privileges, as appurtenant, do not convey any other *land* than what is before particularly described.

The novelty of the case, or its consequences, as they may affect others, can furnish no argument against the plaintiff's right to recover, if he has shown a legal title to the land for which the suit is brought.

PLATT, J. delivered the opinion of the court. This is an action of ejectment for a piece of land in the city of *Hudson*, over which the ancient road from *Claverack* to *Hudson* river formerly run.

The plaintiff showed a title in his lessor, *John V. H. Huyck*, to an undivided share of the premises in question, under the patent to his ancestor *Jan Francis Van Hoesen*, dated the 6th of *August*, 1721. The defendant then proved a deed of conveyance from *John V. H. Huyck* to *Ephraim Whitaker*, dated 25th of *July*, 1793, for " a certain tract of land beginning at a certain stake by the side of the road called the old *Claverack* road, &c. from which stake running east 20°. south, 2 chains, to another stake ; thence south, 22° west, 17 chains 64 links, and thence," by specified courses and distances, " to the first mentioned bounds, making twelve acres, 2 roods and 10 perches of land. It was also proved, that the defendant had acquired a title by purchase, to another tract of land, which, according to specified courses and distances, is bounded on the northern side of the said road.

It appears that about 16 years ago, by an order of the Common Council of the city of *Hudson*, the " old *Claverack road*" was discontinued as a public highway ; and that the defendant then enclosed a lot of about five acres, so as to include the whole width of the old road, together with

a part of each of the several tracts before described; the said road. The plaintiff admits the defendant's title, to all the land contained in the five acre lot, excepting the space formerly occupied as the old road.

It is perfectly clear, that the fee of the land was not devested from the patentee or his heirs, by the act of the government, in laying out and opening the road. Highways are regarded in our law as *easements*. The public acquire no more than the right of way, with the powers and privileges incident to that right; such as digging the soil and using the timber and other materials found within the space of the road, in a reasonable manner, for the purpose of making and repairing the road, and its bridges. When the sovereign imposes a public right of way upon the land of an individual, the title of the former owner is not extinguished; but is so qualified, that it can only be enjoyed, subject to that easement. The former proprietor still retains his exclusive right, in all mines, quarries, springs of water, timber, and earth, for every purpose not incompatible with the public right of way. The person in whom the fee of the road is, may maintain trespass, or ejectment, or waste. (1 *Burr.* 143. 2 *Stra.* 1004. 1 *Wil.* 107. 6 *East*, 154. 2 *Johns. Rep.* 363. 6 *Mass. Rep.* 454.) But when the sovereign chooses to discontinue or abandon the right of way, the entire and exclusive enjoyment reverts to the proprietor of the soil.

In this case, there is nothing, in the deeds for the lots bounded *on the sides* of the old road, which denotes any intention to buy or sell, any land not expressly included within the courses and distances expressly defined; and it is conceded, that those limits do not include the space occupied by the old road. A contingency has happened, which, probably, was not thought of by the grantor or grantee in those deeds; that is, the discontinuance of the road. The grantee, however, has all the land included in the terms of his purchase; but he has lost, by the act of the government, the privilege of a highway adjoining his lots, and running between them. The laying out of roads, and their discontinuance, are contingencies to which every man's land is

liable, and by which its value may be essentially affected; and every sale of land, by definite boundaries, is subject to those casualties.

In the present case, I can perceive no principle of law to defeat the plaintiff's claim to the land over which the old road passed. The government laid *a quasi* incumbrance on his land, and the government has since removed that incumbrance. Even while the road continued, the owner of the soil might have maintained an action of ejectment for an exclusive appropriation of it; *a fortiori*, he can do so, after the public right of way is abandoned, unless by his own act he has become devested of his title. The only acts imputed to the plaintiff, or those under whom he claims, are the two deeds for the parcels of land bounded on the *north side*, and on the *south side* of the old road. The boundaries in those deeds do not include the space of the road; and, of course, the plaintiff's title to the intervening ground remains as perfect as if no road had ever been there. The purchasers under those deeds, have lost an easement which was *public*, not *private*; but they have, exclusive of the old road, all the land which they bargained for.

There are many cases of *loose, vague,* and *general description* in deeds, which, undoubtedly, may require a different construction, and be subject to a different rule. Where a farm is bounded *along a highway*, or *upon a highway*, or *running to a highway*, there is reason to intend that the parties meant the middle of the highway; but in this case the terms of description necessarily exclude the highway. The owner of the soil incumbered with a road, has a perfect right to sell it, subject to that incumbrance; and whoever buys land, without securing the fee of the adjoined roads, incurs the risk of such omission. That the original owner has also a right to retain his estate in the road, when he sells the adjacent lands, is a proposition too plain to be denied.

It is impossible to protect the defendant, on the ground that the adjoining road passed by the deeds, as an *incident* to the lands professedly granted. A mere *easement* may, without express words, pass as an incident to the principal object of the grant; but it would be absurd to allow the fee of one piece of land, *not mentioned in the deed,* to pass as

*i*

appurtenant to another distinct parcel, which is expressly granted, by precise and definite boundaries. The defendant can derive no aid from the 17th section of the " act to regulate highways." (2 *N. R. L.* 275.) The sole object of that provision, was to establish a rule of compensation, where an old road is discontinued, and a new one substituted, over the land of the same proprietor; and it would be highly disrespectful to suppose, that the legislature meant to take away the land of one man, and give it to another. Such an act would be an outrage against justice and the constitution. Still less reason is there for admitting the principle, that the Common Council of *Hudson* could, by any act, devest the plaintiff of the fee of the old road, without his consent.

We are, therefore, of opinion, that the plaintiff is entitled to judgment.

Judgment for the plaintiff. (*a*)

*NEW-YORK,
October, 1818.*

KELLOGG
v.
WILDER.

(*a*) Vide *Peck* v. *Smith*, (1 *Day's Connec. Rep.* 103—147. *November*, 1814,) in which the subject is fully discussed and considered by the judges of the Supreme Court of Errors of *Connecticut*. *W.* conveyed to the plaintiff a piece of land, with the usual covenants of seisin and warranty, " saving and excepting the road, or highway, laid out, used and improved, running from the old highway to the bridge over the premises." It was held, that the right of soil in the highway was vested in the plaintiff, subject to the right of passage in the public, and that he could maintain trespass *quare clausum fregit* against the defendant for erecting a shop on a part of the highway not used for travelling before the conveyance to the plaintiff.