By the Court. Vanderpoel, J.
The only question is, whether the conveyances under which the plaintiff claims, carried the grantees in those deeds to the centre of Burling’s Lane. In the deed from Mr. Emmet, the master in chancery, to Alfred Lowe, of the 19 th of June, 1832, the premises are described as being bounded southerly by the northerly line or side of Thomas Burling’s lane. If these words in connection with the description, carry the grantee to the centre of the lane, the plaintiff is entitled to recover. If they confine him to the northerly side of the lane, he must fail in the suit. In Hammond v. McLachlan, (1 Sandf. Rep. 323,) and in Herring v. Fisher, (ibid. 344,) we took occasion very fully to consider the rule of construction, ns to the extent to which a grant of land bounded on a road or creek, carries the grantee, in respect to the adjacent ground within the road or creek. In the former case, we fully recognized the principle held in Jackson v. Hathaway, (15 John. 447,) that when land is bounded along a road, or upon a road, or running to á toad, the grantee takes to the middle of the road, but where the description is expressly limited to the hank of a river, or where it runs along the side of a road, the grant must be held to be restricted, and not to include the land to the centre of the road or of the stream. And see Child v. Starr, (4 Hill, 369.) We also held, that this rule of construction applies equally to city lots and to farms in the country. In some of the reported cases of applications to the supreme court to confirm assessments, it is intimated, that in respect to this rule of construction, there is or may be a difference between city lots and country farms; but we expressly repudiated such a distinction. According to the cases cited, the words in the master’s deed “ southerly by the northerly line or side of Thomas Bur-ling’s lane,” (taken in connection with the exact metes given in the deed, and the map under which the master sold, which excludes the lane,) must be deemed to be exclusive of that portion of the lane for which this suit is brought, and limited the grantee to the northerly side of the lane.
The plaintiff, however, contends, that the deed from the Burlings to Haskin, bearing date the 23d April, 1806, is full enough to convey half of the lane to the grantee, Haskin was *238 the mortgagor in the mortgage which was foreclosed, and under which, after it was prosecuted to a decree of sale, the master made the sale. If this were so, it by no means follows, that the title of the plaintiff is commensurate with that of Haskin, the grantee in that deed, and who executed the mortgage. The plaintiff makes title under the master’s deed ; and if the master did not sell or convey to him all the premises described in the mortgage, it is not competent for the plaintiff to say that the grantee in the master’s deed took a title to all the-lands described in the mortgage on which the decree of sale was entered. If the description in the master’s deed is not full enough, or if the deed is erroneous in any other respect, this is not the place or the occasion to reform it. The plaintiff prosecutes in a court of law, on the strength of his more legal title, and if the conveyance under which he claims, excludes the premises in suit, this difficulty is not answered by the allegation, that it ought to have contained it. So also, the deed from Brown and wife to the plaintiff, of the 5th of May, 1836, follows the description in the master’s deed. It bounds the plaintiff “ southerly by the northerly side or line of Thomas Burling's lane,'' referring to the map, &c., and excludes the premises in question. All the conveyances from the date of the master’s deed to Lowe, in 1832, to the date of the deed from Brown to the plaintiff, (being four in number,) follow the description of the master’s deed, and according to our construction exclude the northerly half of the lane. The plaintiff cannot, we repeat, remedy the exclusion by the position, that the master’s deed ought to have included the premises. We must confine ourselves to the inquiry, - what was conveyed to the plaintiff by his immediate grantor, not what ought to have been conveyed to a remote source of the plaintiff’s title. The plaintiff can only recover on the strength of his own legal title.
But if the description in the deed to Haskin of the 23d of April, 1806, were available to the plaintiff, notwithstanding the excluding character of the subsequent conveyance, then another difficulty would spring up in the plaintiff’s way. This deed, to be sure, bounds1 southerly by the Burling lane,’ but those further words are added, “ together with the use and privilege of the *239 said lane, until the mayor, aldermen, <m<Z commonalty of the city of New York, s/iató ctmse streets to be opened running through or adjoining the said piece or parcel of land hereby granted.” The latter words show pretty conclusively, that it was the intention of the grantor to exclude the lane from the principal grant. A party cannot convey land in fee, and the mere use of other land, without excluding the latter from the principal. grant. The contingency, too, contemplated by the grant has happened. Fifth avenue and seventeenth street have been opened.
We are of opinion that the plaintiff did not make out a good title to any part of the lane, and that the motion for a new trial must be denied.
We have treated the case as if the lane in question were a public road or highway, which was certainly a mode of considering it most favorable to the plaintilf. We think the case is against him, on the assumption that the lane was a highway, and have not therefore deemed it necessary to consider the point taken by the defendant, that this lane was a mere private finciple & tl>n of consfmcfionTcould i&ly&SjAi. \ . way,*and that, therefore, on^irop thermit be 'helcl to exten
Motion Dr new trial denied./