## WILLIAM HUGHES v. THE PROVIDENCE AND WORCESTER RAILROAD COMPANY.

A grant of lands, bounding them "to, on, or by a highway or river," where the fee of the lands and of the highway or river is in the grantor, is presumed to include the soil to the centre of such highway or river, unless the contrary appears from the deed or monuments referred to; but where the grant is bounded "by the side of a highway;" these words are presumed to exclude the highway, especially if this construction be consistent with the circumstances and subject matter of the grant.

THIS was trespass, for excavating and carrying away the soil in Back Street, by running the railroad through

the same. The plaintiff claimed title to the soil, under a deed from the City of Providence, bearing date March 14, 1833, conveying to Dexter Angell and others, " one lot of land lying westward of Back Street, so called, in said city, and which is included within the following bounds, viz.; beginning at the junction of said Back Street and Smith Street, and from thence running west seventy-seven degrees north by the northerly side of Smith Street, one hundred and seven feet; thence north fifty-nine degrees east, one hundred and sixty feet, to said Back Street, and thence south seventeen and three-fourth degrees west, *by the westerly side of said Back Street*, to the first bound, one hundred and seventeen feet." These premises passed through several intermediate grantees to the plaintiff; and the City of Providence, at the date of the above-mentioned deed, was owner of the soil in Back Street, as well as the land conveyed. On a trial before the jury at the present term, a verdict was found for the defendants, and the parties thereupon agreed to waive the second trial, and submit the case to the Court upon the evidence necessary to raise the questions of law, with liberty to either party, in case the Court should think the plaintiff entitled to judgment, to go to the jury upon the question of damages.

*Cozzens*, for the plaintiff, contended, that the bounding of the plaintiff's lot by the westerly side of Back Street carried the fee of the soil by implication of law to the centre line of the street. *Buttman* v. *Buttman*, (3 Fairfield, 463.) *Johnson* v. *Anderson*, (6 Shepley, 76.) *O'Linda* v. *Lothrop*, (21 Pick. 292.) *Peck* v. *Smith*, (1 Conn. 103.) *Chatham* v. *Brainard*, (11 Conn. 60.) *Champlin* v. *Pendleton*, (13 Conn. 23.) *Styles* v. *Curtis*, (4 Day, 328.) *Costelyon* v. *Van Brundt*, (2 Johns·

357.) *Gidney* v. *Earle*, (12 Wend. 98.) *Perley* v. *Chandler*, (6 Mass. 455.) *Luce* v. *Carley*, (24 Wend. 451.) *Adams* v. *Washington & Saratoga Railroad Co.* (11 Barb. 414; III Kent. 432,) and also that the question of boundaries was a question for the jury, to be decided from all the circumstances of the case. *Barclay* v. *Howell's Lessee,* (6 Peters' 509.) *Howard & Others* v. *Ingersoll,* (13 Howard, 421.) *Sibley* v. *Holden,* (10 Pick. 251.) *Wheeler* v. *Eastern R. R. Co.* (2 Met. 151.) *Parker* v. *Inhabitants of Framingham,* (8 Met. 266.) *Reed* v. *Leeds,* 19 Conn. 182.)

*Carpenter* and *Ames,* for the defendant. The authorities cited are to the purport, that you must examine the language, purpose, and subject-matter of the deed and the relation of the parties to it, to aid in ascertaining its intent ; that where definite bounds are referred to they will control course and distance ; that where land is bounded by, on, with or along a highway or river, the soil passes to the centre of such highway or river, unless the intention is expressed to exclude it. And the reason is, that bounding by a highway or river generally is bounding by the whole highway or river, and, as there is no reason to limit the boundary to one side more than the other, so it extends to the centre, as bounding by any other monument extends to the centre of the monument. But here the land is " included" within bounds, which are limited by the side of the street, and such language has been held to exclude the highway ; which would have been a very natural intention on the part of the City, which, having the charge of the preservation and repair of streets, would desire to retain the fee of the street. In *Parker* v. *The Inhabitants of Framingham,* (8 Met. 256,) the Court

having occasion to select a phrase which would express with precision an intent to exclude a turnpike from a grant of land bounding thereon, use the very phrase employed in this deed. They also cited *Jackson* v. *Hathaway*, (15 Johns. 454.) *Hammond* v. *McLachan*, (1 Sanf. S. C. 340.) *Child* v. *Starr*, (4 Hill. 373.) *Jones* v. *Cowman*, (2 Sanf. S. C. 237.) *Howard* v. *Ingersoll*, (13 Howard, 381.)

HAILE, J. delivered the opinion of the Court. It is a well settled rule of law relative to the construction of deeds, as well as other written contracts, that the intention of the parties must govern; and where that intention is clearly expressed, it cannot be controlled or altered, or the grant extended by parol evidence.

In order fairly to ascertain the real intention of the parties, the Court should place itself in their situation, consider the proper import of the description in the deed, the subject-matter of the conveyance, and all the surrounding circumstances referred to in the deed. " It is a question of construction, and, therefore, in each particular case depends, as in all other cases, upon the deed, explained and illustrated by all the other parts of the conveyance, and by the localities and subject-matter to which it applies." *Wheeler* v. *Eastern Railroad Co.* (2 Met. 151.)

Another established rule of construction is, that, where monuments and courses and distances are described in a deed, and these do not agree, the monuments must control the courses and distances.

It is also the duty of the Court to give effect to all the words in the deed, evincing the intention of the parties,

when this can be done consistently with the established rules of law.

This Court have repeatedly ruled, and it may now be considered the settted policy of the State, that where a deed bounds the grantee to, by, or on a highway or fresh water river, the presumption of law is, that the grantee takes the fee of the soil to the centre of the highway or to the thread of the river, if the grantor, at the time, owned the fee to the centre, subject to the right of the public in the easement, unless there be established monuments or other clear description in the deed to rebut this presumption and show that the intention was to limit the grant to the line of the highway or to the bank of the river.

This principle of law is supported by the common law and established by the highest tribunals of other States, except Massachusetts, where the rule has been somewhat restricted in regard to highways by the decisions of the Supreme Court of that State. The inference of the law is, that the fee of the soil to the centre of the road passes, as part and parcel of the grant, and not as appurtenant to the land adjoining the highway; for land cannot pass as appurtenant to land.

It is competent for the owner to sell the soil in the highway without the adjoining land, or the adjoining land exclusive of the highway, and so with regard to land adjoining a river, if he does it by clear and specific boundaries. III Kent, 434, and notes.

The descriptive words in this deed are, "one lot of land lying westward of Back Street, included in the following bounds, viz.; beginning at the junction of said Back Street and Smith Street, &c.," and "by the westerly line of said Back Street to the first bound." These

words, according to their natural import, taken in con-
nexion with the courses and distances, include the lot
within the northerly line of Smith Street and the west-
erly line of Back Street, and exclude Back Street. The
courses and distances exactly correspond to the lines of
said street. The words, "beginning at the junction of
said Back Street with Smith Street," we think, must be
deemed, in legal effect as well as in common parlance, to
mean the intersection of the west and north sides of those
streets, especially when taken in connexion and qualified
by the words "west and north side." Upon the con-
struction, contended for by the plaintiff's counsel, that
the boundaries are the centre lines of the streets, none
other being mentioned which can control the courses and
distances, and no western boundary being given, there
would be a considerable strip of land on the western side
of said lot, which would not pass to the grantees under
this deed. Considering the location of the premises, it is
evident this could not have been the intention of the par-
ties.

We are therefore irresistibly forced to the conclusion,
that, by any fair and reasonable construction of this
deed, the fee of the premises granted must be limited by
the west side of Back Street and the north side of Smith
Street.

And, we think, this conclusion is supported by the
current of authorities, although some of the decisions
cited seem to conflict with it.

Chancellor Kent says, in his Commentaries, "the idea
of an intention in a grantor to withhold his interest in a
road to the middle of it, after parting with all his right
and title to the adjoining land, is never to be presumed."
"But it is competent for the owner of a farm or lot, hav-

ing one or more of its sides on a highway, to bound it by express terms on the side or edge of the highway, so as to rebut the presumption of law, and thereby reserve to himself his latent fee in the highway." III Kent, 433, 434.

The case of *Jackson* v. *Hathaway*, (15 Johns. 447,) is directly in point. In that case, the plaintiff brought an action of ejectment to recover the land included within the lines of the old road, which had been discontinued; and the defendant relied on two deeds of parcels of land bounded on the *north side* and on the *south side* of the road. It was held, that the description necessarily excluded the road. This case has never been overruled, but has been recognized, and the same rule of construction confirmed in *Hammond* v. *McLachan*, (1 Sanf. S. C. 341,) and *Jones* v. *Cowman*, (2 Sanf. S. C. 234.)

In *Child* v. *Starr*, (4 Hill. 369,) it was held, that the same rule of construction applied to a city lot as to a larger tract of land in the country, and to party-walls and ditches, and to a river or stream above tide waters; and that lands bounded by or along the side of such highways or walls would be limited to the sides, leaving in the grantor the wall and the fee of the soil over which the highway passes; and that a grant of land bounded generally on or running along a private stream would not more certainly carry the grant to the thread of the stream, than would a grant bounded and running along the shore of such stream be limited to the water's edge or margin of the stream.

So in *Hatch* v. *Dwight & Others*, (7 Mass. 298,) it was decided, that where land was bounded by the bank of a stream, the stream was necessarily excluded. And in *Howard & Others* v. *Ingersoll*, (13 Howard, 381), the

Supreme Court of the United States decided, that when Georgia ceded to the United States all the land situate on the west of a line running along the western bank of the Chattahooche River, she retained the bed of the river to the said line.

The case of *Adams* v. *Washington & Saratoga Railroad Co.* (11 Bart. S. C. 414,) would seem to be in conflict with the current of American decisions. In the descriptive part of the deed, the starting place of the lot was a stake, standing on the west line of the highway, and being the south-east corner of a lot formerly owned by Chubb, then running by corners to certain stakes and a cedar post 10 ° 30″ south on Chubb's south line 15 rods to the place of beginning. The line corresponded with the line of the street, and it was held that this description did not expressly exclude the street, and that the grantee took the fee to the centre of the street. But this case expressly recognizes the case of *Jackson* v. *Hathaway*, as law.

The correctness of this decision, as a sound practical rule of construction, may be doubted. It can only be sustained by the case of *Luce* v. *Carley*, (24 Wend. 457,) and other analogous cases. In this case, the deed bounded the grantee by a stake and maple tree, mentioned in the deed as standing on or near the east bank, the intermediate line running along the river as it winds and turns. Justice COWEN says, " It is never thought that monuments, mentioned in such a deed as occupying the bank of the river, are intended by the parties to stand on the precise water line at its high or low mark. They are used rather to fix the terminus of the line, which is described as following the sinuosities of the stream."

It was further urged, that in as much as the northerly

line of this lot was described as running to Back Street, by the rule of construction adopted by this Court, that line must be deemed to extend to the centre of the street. But we apprehend such construction would be against the clear intention of the parties, for the whole east line of said lot being by the express terms of the deed, " by the westerly side of said Back Street to the first bound," excludes the whole of Back Street, except a mere mathematical line extending to its centre, and the parties could have intended no such practical absurdity as running said southerly line to the centre of the street.

It was further contended by the plaintiff's counsel, that this case raised a question of boundaries, a mixed question of law and fact, and that the intention of the parties should be inferred from all the facts in evidence, in the same manner as such intention would be found by a jury. But, if this case had been tried by a jury, they would have been bound to find the intention of the parties from the legal evidence, and from the charge upon the law as given by the Court relative to the construction of the deed, and, there being no other legal evidence in the cause, but the documentary evidence and location of said premises, the jury could have come to no other conclusion than that to which the Court have arrived.

It is the duty of the Court to declare the construction and legal effect of deeds, and the parol testimony of the grantees is not evidence to vary, alter or control the unequivocal description in the deeds, or to show that the intention or understanding of the parties, relative to the extent of the grant, was different from that therein expressed,