# CHESHIRE,

## DECEMBER TERM, A. D. 1855.

---

## Wood *v.* The County of Cheshire.

The deed conveying land to the county, upon a conditional limitation, for a court house, contained a covenant that, should the building erected cease to be occupied as a court house, the county might remove it within a reasonable time.—*Held*, in a writ of entry, that this right in the tenant was no objection to a general judgment for the demandant, and a motion for a qualified judgment, reserving the right, was denied.

Writ of Entry, to recover a tract of land in Keene, on which the court house now stands. Plea, *nul disseizin*.

It was admitted that the land once belonging to Josiah Richardson, who died seized of the premises, leaving one child, Rebecca, the wife of Joseph Dorr, his heir at law. The demandant offered in evidence a deed from Joseph Dorr and Rebecca, his wife, dated March 20, 1824, conveying the demanded premises to the county for " the purpose of erecting a court house thereon, and for no other purpose," " to have and to hold the said granted premises so long as the building erected thereon is occupied as a court house, and no longer." The deed contained a covenant by the grantors, that " should said building cease to be occupied as a court house, the said county may remove the same from the premises without let or hindrance."

On the 13th of April, 1840, the county conveyed certain parts of the building erected on the land to Henry Coolidge in fee, who entered and occupied under his deed. It also appeared

that the building had been occasionally used from time to time for other purposes besides a court house.

The demandant claimed under conveyances from Coolidge and from the heir at law of Joseph Richardson.

The defendants introduced a deed from Joseph Richardson to the county, dated May 20, 1809, conveying a tract of land described as being that " on which the court house now stands, to have and to hold the same for the use of a court house thereon, and for so long a time as said county shall choose to use it for that purpose, and no longer." It appeared that this deed covered the greater part of the demanded premises, and that the old court house was removed from that part of the demanded premises in 1824, to its present position. The conveyance to the demandant was given April 18, 1848.

A verdict was taken, by consent, for the demandant, subject to the opinion of the court, upon which judgment was to be rendered, or it was to be set aside and a new trial granted, as the court might order.

July term, 1854, the Superior Court decided that the demandant was entitled to judgment, and ordered a general judgment for him. The court held that the county had an estate upon a conditional limitation, and not upon a mere condition, and that the estate would terminate by virtue of the limitation, without any entry or other act of the heir. They also held that the conveyance to Coolidge was a breach of the condition upon which the estate was limited, and that the estate thereupon terminated ; that this was a substantial and permanent diversion of the building from the use intended ; the court did not found their judgment upon the accidental and occasional uses of the building for other purposes than a court house, but on the fact that a substantial part of the building was alienated in fee.

On suggestion of the defendants, judgment was stayed in the Common Pleas, and at the December term of the Superior Court, 1854, the defendant moved to bring forward the case on the docket, and for a modification of the order of that court, directing a qualified judgment in the Common Pleas, such as would give

Wood v. The County of Cheshire.

the defendants time to remove the building erected on the land, alleging that the question whether the defendants were entitled to time for that purpose had not been considered. The motion was argued at the July term, 1855, when the case was ordered to be brought forward, and judgment to be suspended in the Common Pleas till further order of the court above; and the main question on the motion was continued.

*Chamberlain*, and *J. Parker*, for the demandant.

*Wheeler*, and *Goodrich*, of Massachusetts, for the tenants.

PERLEY, C. J. This action is a writ of entry, in which the demandant alleges that he has been disseized by the tenants, and is still held out by them, and he seeks by this suit to recover seizin and possession of the land. A judgment for the demandant on the issue joined would establish his right to the seizin and general possession of the demanded premises, and execution of the judgment would give him such seizin and possession. The right secured by the covenant in the deed under which the tenants claim, is to remove the building erected on the land, within a reasonable time after it shall cease to be occupied as a courthouse.

The conveyance to Coolidge, upon which, according to the opinion of the court heretofore given, the estate of the county determined, was made in 1840. The decision of the court was made and pronounced in July, 1854. The ground taken by the defendants is that a reasonable time for the removal of the building has not yet elapsed, and they ask that the judgment for the demandant shall be so modified and moulded as to give them further time to remove the building.

Courts have sometimes exercised the power of rendering qualified and conditional judgments, in order to carry into effect new provisions of the law or special contracts of the parties. *Chickering* v. *Greenleaf*, 6 N. H. 51; *Kittredge* v. *Warren*, 14 ditto 509; *Commonwealth* v. *Pejepscut Pro.*, 7 Mass. 414.

The judgment for the demandant in a writ of entry, when he recovers the demanded premises, is, " that he recover his seizin against the tenant of the tenements aforesaid," and we have seen no instance in which the judgment in such case has varied from the stated form. Jackson on Real Actions 193.

The writ of possession given by our statute commands the sheriff that he " cause the demandant to have possession of the said premises," and a modified judgment would require the court to modify the form prescribed by the statute for the execution. We do not mean to disclaim for the court the power to modify the established form of judgment in a writ of entry, when the justice of the case may be found to require it ; but we think that no such modification of the judgment is necessary in this case to protect any right that the tenants may still have under their deed to remove the building from the demanded premises.

The right to remove the building does not require the tenants to retain or take any possession or seizin of the land. They would enter temporarily, to remove the building as a chattel that under the deed belonged to them, provided it were taken off within a reasonable time. And the right to enter for the purpose of removing personal property gives no seizin or possession of the land, and is not even an interest in land within the statutes of frauds. *Whitmarsh* v. *Walker*, 1 Met. 313 ; *Nettleton* v. *Sikes*, 8 Met. 34 ; *Wood* v. *Manly*, 11 A. & E. 34.

The right claimed by the defendants is no more than the law implies in the absence of any express stipulation, where the tenant holds under an uncertain term, or contingency, as for the life of another. In such case the lessee has the privilege of removing fixtures, after the termination of his interest, provided he exercises that right within a reasonable time. Taylor's Landlord and Tenant, § 532 ; *Weeton* v. *Woodcock*, 7 Mees. & Wels. 14.

A writ of entry lies for land incumbered by a highway ; and we have seen no suggestion that any other than the usual general judgment has ever in such case been rendered for the demandant. *Goodtitle* v. *Alker*, 1 Burr. 130 ; *Perley* v. *Chandler*,

6 Mass. 456; *Adams* v. *Emerson,* 6 Pick. 57; *Jackson* v. *Hathaway,* 15 Johns. 447; *Copp* v. *Neal,* 7 N. H. 275.

An entry on land for a temporary and qualified purpose, which does not require any exclusive possession, is no interruption of the owner's seizin; and in this case, if the defendants have still the right to remove the building, they may exercise that right without disseizing the demandant, or disturbing the general possession which he will take under his general judgment on this verdict.

> *Motion for a qualified judgment denied, and general judgment ordered on the verdict.*