STRICKLAND v. WOOLWORTH, appellant.

*Highways — rights of owner of adjoining soil — Nuisance — Advice of counsel — when no defense to trespass.*

Plaintiff, who owned the land on both sides of the highway where a stream of water crossed it, erected obstructions so that the stream could not be reached, but not interfering with travel on the highway. *Held,* that such obstructions were not a nuisance, public or private, and that defendant, who had watered his cattle at that place for over twenty years had, from such use, no right to continue to do so, and was guilty of trespass in tearing the obstructions down.

*Held,* also, that advice of legal counsel was no defense or excuse for defendant's acts in tearing down the obstructions.

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury, at the Jefferson circuit in October, 1870.

The action was brought to recover damages of the defendant, Volney Woolworth, for trespass, in destroying roadways constructed by the plaintiff, Evan Strickland, from the traveled track of the highway to his adjoining land. The plaintiff was the owner of land on both sides of said highway, at a point where it was crossed by a stream of water. The traveled bed of the road, on a side hill, had been graded up to the point in question some four or six feet, so that plaintiff could not pass from said highway to a house, and a spring on his land, with the road in that condition. He accordingly erected two drive-ways and walls leading from the highway to his land, which did not interfere with the traveled bed of said road. These obstructions were known to the commissioners of highways of the town, and maintained with their acquiescence and consent. The creek crossed the road between these drive-ways, the erection of which, it is alleged, prevented defendant from having access to said stream for the purpose of watering cattle, etc. Defendant claimed that for more than twenty years previous to the erection of said obstructions, he had been in the habit of using said stream and had access to it. Defendant, during the night, destroyed said walls and roadways, and plaintiff brought this action for damages resulting from said injury.

At the trial defendant testified that in removing the obstructions he acted under the advice of legal counsel, and supposed he had

a right to do as he did. The jury found a verdict for plaintiff of $50 damages.

A motion for a new trial was made upon the minutes of the court and denied, whereupon the defendant appealed to this court.

*James F. Starbuck*, for appellant.

*D. Bearup* and *F. W. Hubbard*, for respondent.

E. DARWIN SMITH, J. It is well-settled law in this State that the proprietors of land adjoining a public highway, are owners of the fee in said highway, and that the public have no higher or other right therein than that of a mere easement, and that such proprietors may make any use of such highway that does not conflict with such easement. *Jackson* v. *Hathaway*, 15 Johns. 453 ; 3 Kent's Com. 432 ; *Wager* v. *Troy Union R. R. Co.*, 25 N. Y. 526 ; *Higgins* v. *Reynolds*, 31 id. 156. The rulings of the judge at the circuit were in conformity with this doctrine.

Nothing in the shape of a defense was made at the circuit to the plaintiff's right of action.

The erections of the plaintiff of the drive-ways from the traveled track to his land adjoining the highway were in no sense a nuisance public or private. They did not obstruct the traveled part of the highway, or interfere in any degree with the public easement in or over the roadway as improved by the highway commissioners and customarily used.

A nuisance in a highway must be some encroachment or erection therein, which "hinders, impedes or obstructs the use of the road by the public." *Griffiths* v. *McCallen*, 46 Barb. 565 ; *Peckham* v. *Henderson*, 27 id. 207 ; *Hanman* v. *Retter*, 37 id. 306.

Such a nuisance may, doubtless, be abated by any private person injured thereby, but the nuisance must be an actual obstruction to the highway, as a gate across the same, which was the case cited in 3 Black. Com. 5, of *James* v. *Hayward*, Cro. Car. 184, where the gate was placed across the highway, and so fixed that the king's subjects could not pass without interruption by reason of said gate. See *Hart* v. *Mayor of Albany*, 9 Wend. 589, and *Witman* v. *Tracy*, 14 id. 256.

The defendant had no right in such highway except to travel in or over it as an ordinary traveler, and such right was in no way inter-

rupted, hindered or interfered with by the plaintiff's erections. He had no easement in such highway for the purpose of access to the creek intersecting the same, or right in the said highway of a private nature.

The defendant might just as lawfully have cut down the shade trees which the plaintiff might have set out in front of his premises on either side of the highway, or have torn up the walk from his front gate to the road, as to have torn away the erection in question.

It was no defense or excuse to him that some lawyer was advising, aiding or abetting him in commission of the trespass. His act was none the less unlawful, and the jury might properly, in their discretion in such case, give exemplary damages as held by the circuit judge.

No error, I think, was made in the judgment at the circuit, and the judgment should be affirmed.

*Judgment affirmed.*