(112 App. Div. 620)

### JOHNSON v. GRENELL.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. BOUNDARIES—HIGHWAYS.

　　Where a lot portrayed on a map as abutting on a street is sold in recognition of the map, but no reference is made to the street, the purchaser takes the fee to the center thereof, though the street be a private one, or an alley used in connection with the premises conveyed.

　　[Ed. Note.—For cases in point. see vol. 8 Cent. Dig. Boundaries, § 131.]

2. SAME—NAVIGABLE WATERS.

　　Where a riparian owner conveys a lot delineated on a map fronting on a street extending along the bank of a navigable river, the title conveyed reaches across the street to the water's edge, transferring the riparian rights of the vendor.

　　[Ed. Note.—For cases in point, see vol. 8. Cent. Dig. Boundaries, §§ 108, 135.]

3. SAME—PRESUMPTIONS—SUFFICIENCY OF EVIDENCE TO OVERCOME.

　　An owner of an island in a navigable river laid out the land into lots and streets, one street extending along the river bank. There was no access to the land abutting on the street except by water. Summer cottages were to be built on the lots. A lot abutting on the street was conveyed with reference to the map, but without referring to the street. The grantee during his occupancy built a dock on the river shore in front of his lot, and a third person erected a building on the dock, with the consent of the owner of the island, to whom he paid rent. Subsequently the grantee conveyed the lot, together with the dock and building which he had purchased and water rights. Held, that the presumption that the grantee took the title to the water's edge, including the riparian rights of the vendor, was not overcome, and the purchaser acquired title to the street to the river, subject to the easement of travel thereon, and to the dock and building.

　　Williams and Nash. JJ., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Charles H. Johnson against Samuel B. Grenell. From a judgment granting insufficient relief, plaintiff appeals. Reversed, and new trial ordered.

McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Virgil K. Kellogg, for appellant.
John O'Leary, for respondent.

SPRING, J.　In 1886 Lucy Grenell owned Jeffers Island in the River St. Lawrence, in the county of Jefferson, and the defendant, her husband, has succeeded to her title and interest. In that year Mrs. Grenell caused said island to be surveyed and laid out into 176 lots, with streets and boulevards, and in October of that year caused said map to be filed in the clerk's office of said county, designating said

island "Grenell Island Park." Conveyances of said lots have since been made with reference to, and in recognition of, said map. South Boulevard, one of the avenues or streets delineated upon said map, is about 50 feet in width, and extends along the southerly shore of said island, reaching from the lots northerly from said boulevard, and fronting thereon to the river front. Lot 34, represented upon said map, is one of those adjacent to said boulevard, and the easterly half thereof is now owned by the plaintiff, and is contiguous to lot 175. One Eldredge G. Robbins, by mesne conveyances from the Grenells, on the 24th of July, 1897, acquired by purchase lot 34, with the following description:

"All that tract or parcel of land situate in the town of Clayton, county of Jefferson, and state of New York, being lot No. 34 as laid down on the map of Grenell Island Park, said lot laying on southeast shore, and adjoining lot No. 175 on the west of lot now deeded to Widner, the lot one hundred and twenty-six feet front and sixty-eight feet deep, supposed to contain sixty by one hundred feet, more or less, and being the same premises conveyed by Samuel B. Grenell and Lucy M. Grenell to said Chauncey W. Hopkins and Ely Chamberlain by deed dated August 20, 1894."

Robbins during his occupancy built a pier and crib dock on the river shore in front of lot 34, and immediately south of the boulevard, extending into the river. Robbins erected a building on the westerly end of the dock, about 28 by 32 feet. A year or two later a man named Brooks constructed a boathouse on the easterly end of the dock, and in front of the premises now owned by the plaintiff. This boathouse was erected with the knowledge of the defendant, and rent was paid to him therefor. In September, 1901, Robbins conveyed the easterly half of lot 34 to the plaintiff, including the dock, dockage, boathouse, and water rights, and in June, 1903, Brooks sold to him the building which he had erected upon the easterly end of the dock. The defendant claims that no part of the boulevard passed by the conveyance, and this action was commenced in October, 1903, to determine the title to the street, and also to the wharf and the dock, which are south of the boulevard and below high-water mark. The referee held that the plaintiff acquired by his conveyance the fee to the northerly half of the street in front of lot 34; that the defendant owns the southerly half thereof, each owning subject to the easement of the lot owners; that the plaintiff owns the building at the easterly end of the dock; and "that the defendant, Samuel B. Grenell, is the owner of the riparian rights and of the dock south of South Boulevard, in front of the easterly one-half of lot 34, subject to the rights of the state of New York, and subject to the rights of the plaintiff of free access to the navigable waters of the St. Lawrence river over the same."

If a conveyance of premises adjacent to a street is made, the presumption is that the title extends to the center of the street, subject to the public easement. Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330; Paige v. Schenectady Ry. Co., 178 N. Y. 102–110, 70 N. E. 213 et seq. And where a lot portrayed upon a map is sold in recognition of the map, and a street is delineated thereon, but no reference is made to it in the conveyance, the plaintiff takes the fee to the center, even though the road be a private one, or an alley used in connection with the premises conveyed. Bissell v. N. Y. C. & H. R. R. Co., 23

N. Y. 67; Lowenberg v. Brown, 79 App. Div. 414, 79 N. Y. Supp. 1060; Gere v. McChesney, 84 App. Div. 39, 82 N. Y. Supp. 191; Hennessy v. Murdock, supra. This rule is founded on the presumption that the owner's title extends that far, and it is not reasonable to assume that, having parted with the title to the premises fronting on the highway, he will reserve the narrow strip which composes one-half of the road. If his title embraces the whole street in front of his land, the reason for the presumption that he parts with his title thereto clear across the street is equally sound, and that presumption obtains. Haberman v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611. The court say, at page 259 of 128 N. Y., page 371, 28 N. E., 13 L. R. A. 611:

"Where the highway has been, as in the present case, wholly made from and upon the margin of the grantor's land, his subsequent grant of the adjoining land should be deemed to comprehend the fee in the whole roadbed, upon the same principle that exists for giving the fee to the center in the other cases. The grantor should be presumed to have intended by his conveyance the full investiture of the grantee with all appurtenant property rights in the highway. What other intention could be consistently supposed? In the early case of Jackson v. Hathaway, 15 Johns. 447, 8 Am. Dec. 263, it was observed that there was reason for intending that the parties to a conveyance of property bounded along or upon a highway meant to the middle of the highway. Would there not be equally reason for the legal intendment that they meant the whole highway where it was the property of the grantor in its entirety? Can we suppose an intention in the grantor to reserve to himself or to his heirs the fee in half of the highway? I think not."

If a highway passes over a farm, the owner by his conveyance of the whole farm grants the fee of the whole highway owned by him. So where the riparian owner sells lots delineated upon a map, fronting upon a street extending along the bank of a navigable river, the title conveyed reaches across the street to the water's edge, transferring all the riparian rights of the vendor. Stetson v. City of Bangor, 60 Me. 313; Wait v. May et al., 48 Minn. 453, 51 N. W. 471.

There is no proof to show that the presumption should not prevail in the present case. On the contrary, there seems to be good reason for holding that the defendant or his predecessor in title never expected to retain this narrow strip. When Mrs. Grenell laid out her land into lots, she outlined one street which skirted along the river, extending clear to its edge. There was no land owned by her between the street and the river. There was no access to the lots except by water. Wharfage of some kind was almost a necessary adjunct to the proper use and enjoyment of these lots fronting on that avenue. They did not purchase anticipating that they were limited to the use of the public dock owned by the defendant, nor did they expect that, whenever they built a dock extending into the river and outside the avenue, they must first obtain his consent, and possibly be compelled to attorn to him for its user, or be forbidden any dock privilege at all. These lots were to be built upon with summer cottages, and one of the chief enjoyments must be derived from boating and the use of the docks. Northerly of lot 34 and the other lots similarly located in that block or distinct parcel are several lots which front on another avenue on the other side of the block. Whether the rights of the owners of

these lots are affected in any way by the devesting of the title from the defendant in the street does not appear. No right of way seems to have been reserved by the adjoining lot owner on the rear of the plaintiff over his lot, and the natural access to the street or avenue from such rear lot is on the other side, not on the South Boulevard.

The question of the rights of these other lot owners over the street is not important in this case. If their easement in the boulevard is interrupted, they may have cause of complaint; but the plaintiff is not here asserting any paramount right to the use of the street. So the question of trespassing on the lands of the state is not here for consideration. The controversy is between the grantor and her remote grantee, and involves simply a question depending upon the conveyances; the location of the lot with reference to the avenue and the surrounding circumstances shedding light upon the probable intention of the parties.

We think the title of the street in front of the easterly half of lot 34 is in the plaintiff to the river, subject to the easement, and that he is also the owner of the boathouse and dock; but beyond that we do not go.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except WILLIAMS and NASH, JJ., who dissent.