W. C. CALLAWAY *et al.*, Appellants, *v.* STROTHER JOHNSON, Respondent.

1. *Bills and notes — Note given payee for third party, without consideration as to payee — Trusteeship, etc.*—Where it was agreed, at the time of the execution of a note, that either it or its proceeds should go to a third party, in such case the latter would be the substantial creditor; and if the payee gave no consideration for it, he would be a mere naked trustee, and neither he nor his assigns could set up an interest against the real beneficiary.

2. *Garnishment — Note — Payee, agreement of as to maker — Estoppel, etc.*— In garnishment proceedings wherein the maker and payee of the note were both made defendants, if the payee, by an agreement or arrangement, had the garnishment proceedings dismissed as to him, with the understanding that the judgment should be taken against the maker, he could not afterward be heard alleging that he was not bound thereby.

*Appeal from St. Charles Circuit Court.*

*E. A. Lewis,* for appellants.

*Wm. A. Alexander,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit upon a promissory note, brought by the plaintiffs as assignees of William B. Callaway. The bill of exceptions develops substantially these facts: that at the time the note was executed, Howard Callaway (a son of William B.) and W. W. Love had been selling goods in partnership at O'Fallon, in St. Charles county, and had become embarrassed in their financial affairs; that they discontinued business at O'Fallon, and moved what goods they had left to Trenton, Illinois, and sold them to the defendant, who was doing business at that place. Defendant gave the note herein sued on for the purchase-money, and was requested by Love & Callaway to execute the same to William B. Callaway for the reason, as given at the time, that the firm owed a debt of honor to Carey A. Boyd, which they wished to pay in preference to others, that William B. Callaway should pay the money over to Boyd when collected, or deliver him the note, and that Boyd would be sure to get his money in preference to others. Thereupon the note was executed, neither William B. Callaway nor Boyd being present at the time. Afterwards Boyd had the note in possession, and presented it to defendant for payment, but no assignment was on it, and defendant made a small payment, which was credited thereon and signed by Boyd. Previous thereto an attachment suit was commenced in the St. Charles Circuit Court by Boyd, against Love and Howard Callaway, upon which William B. Callaway and the defendant Johnson were summoned as garnishees. While these garnishments were pending, Boyd obtained judgment against the firm of Love & Callaway, and William B. Callaway told Boyd's attorney that he would resist the obtaining of any judgment in Boyd's favor against himself. The attorney then told Callaway that if he got a judgment against Johnson, the defendant here, he would dismiss the garnishment process against him, to which Callaway

offered no objection. The attorney said that he only wanted to collect the note once, and it made no difference from whom it came; that the money on the note was to go to Boyd. The attorney then stated that in accordance with this understanding he dismissed the process of garnishment against William B. Callaway, and afterwards obtained judgment against defendant Johnson, upon his answer, for the amount acknowledged by him to be due upon the note, the greater part of which judgment Johnson has since paid.

No answer to the interrogatories was ever filed by William B. Callaway previous to the dismissal of the proceedings against him.

There was also evidence tending to prove that when Howard Callaway first went into business, his father, William B. Callaway, advanced him $2,000, of which $1,000 was a gift and the remainder a loan, and that the loan of $1,000 was still due and unpaid by Howard at the time of the execution of the note sued on; that William B. Callaway died, and that the note sued on was found among his effects; that during his last sickness he made the assignment on the note to his two children, stating that this was necessary in order to make them even with his other children.

Upon these facts the court, by an instruction of its own, told the jury that the execution of the note and the assignment were admitted, and the verdict should be for the plaintiff for the amount due on the note, with interest, unless it had been shown to their satisfaction that the note sued on was for the benefit of Boyd, and without any consideration from defendant to William B. Callaway, the payee, and that the only consideration for the note was an indebtedness from defendant to Love & Callaway; or that William B. Callaway, the payee, agreed and undertook with the defendant that the note was to be discharged in full by a judgment against defendant as garnishee on a process in favor of Boyd, against Love & Callaway, and that such judgment was rendered in pursuance of such understanding and agreement; and if the facts as thus stated were proven to the satisfaction of the jury, then their verdict should be for defendant. The court further instructed the jury that the judgment against the defendant as garnishee did not deprive William B. Callaway or his assigns

of any interest he might have had in the note, unless he agreed that such judgment should discharge the note. The jury found a verdict for the defendant.

I think the declaration of law fairly submitted the case. The broad proposition of law is stated that the judgment against the defendant upon garnishment did not bind William B. Callaway or his assigns, and they were entitled to recover on the note unless the same was given for Boyd's benefit, and Callaway gave no consideration therefor, or unless there was an understanding and agreement that the judgment against the defendant should be a satisfaction of the note. If it was agreed and understood, at the time the note was executed, that either it or the proceeds should go to Boyd, then he was the substantial creditor; and if Callaway gave no consideration for it, he was a mere naked trustee, and neither he nor his assigns could set up an interest against the real beneficiary; and if Callaway, by an agreement or arrangement, had the garnishment proceedings dismissed as to him, with the understanding that judgment should be taken against the defendant, he could not afterwards be heard in alleging that he was not bound thereby. The evidence was for the jury, and by their verdict they have found that these facts existed. The defendant seems to have acted in the most entire good faith throughout, and Callaway stood by and permitted him to pay out his money on the judgment. The equities and justice are all on the side of the verdict. There was no error in refusing the plaintiff's instructions, for whatever correct law they contained had already been given by the court.

Judgment affirmed. Judge Adams concurs. Judge Bliss absent.