John Henley, Plaintiff in Error, v. John Holzer, Defendant in Error.

Kansas City Court of Appeals, November 9, 1885.

1. Negotiable Paper—Rights of Transferee.—It is settled law in this state that the transferee of negotiable paper, to whom it has been transferred after maturity, acquires nothing but the actual right and title of the transferrer; and if the paper had been paid he cannot recover.

2. —— Defences Connected with Note Itself.—But a negotiable promissory note transferred after maturity passes into the hands of the indorsee, subject only to such equities and defences as are connected with the note itself, not such as grow out of distinct and independent transactions.

Error to Cole Circuit Court, Hon. Charles A. Winslow, Special Judge.

*Affirmed.*

Statement of case by the court.

This is an action to foreclose a deed of trust, given to secure the payment of the following note:

"Jefferson City, Mo., December 3, 1873.

"One day after date I promise, for value received, to pay to the order of Austin A. King the sum of one hundred and twenty-five dollars, with ten per cent. interest from date till paid.

"John Holzer."

Which note was endorsed as follows:

"Austin A. King."

Also, "Without recourse, Austin A. King."

The answer averred, among other things, that after the maturity of the note, and long before it was transferred to plaintiff, the defendant paid it, principal and interest, as the plaintiff well knew at the time he received it.

The court below, trying the case without the inter-

vention of a jury, made a special finding of the facts, and declared the law thereon as follows :

"The court, sitting as a jury, finds as a matter of fact that the note in suit was on the third day of March, 1874, after its maturity, placed in the hands of the First National Bank of Jefferson City, Missouri, as collateral security for the sum of one hundred and five dollars, then and there borrowed of said bank by Austin A. King, for which he executed his note, and endorsed the note in suit, and delivered it to the bank as collateral, as aforesaid ; that the note in suit was a partnership note due the firm of E. L. King & Bro.; that while the note remained in the hands of the bank as collateral, it was fully paid off by the defendant to the original payees ; that on the 29th day of December, 1877, Austin A. King and the bank entered into an arrangement whereby the bank became the absolute owner of the note, in consideration of the surrender of King's not to him, and then and there the endorsement without recourse was written on the back of said note ; that within a few days thereafter, in pursuance of an arrangement previously made, the bank sold the note to the plaintiff for the amount then due on the loan to King, which amount the plaintiff paid, and the note and endorsement were delivered to him, without recourse on the bank ; that plaintiff is the owner of the note, and entitled to sue on it ; that neither bank nor plaintiff notified defendant of the assignment of said note to them, and that when he paid the note to the original payees, he had no notice of such assignment.

"Upon these facts the court declares, as a matter of law, that the plaintiff cannot recover."

The plaintiff has appealed to this court.

Edwin Silver, for the plaintiff in error.

I.    The court erred in declaring, under its finding of facts, that defendant was entitled to recover. *Cutler v. Cooke*, 77 Mo. 388, and cases cited ; *Barnes v. McMullin,*

78 Mo. 260; *Davis v. Miller*, 14 Gratt. (Va.) 1; *Baxter v. Little*, 6 Metc. 7; *Coffman v. Bank*, 41 Miss. 212; 2 Daniels on Negotiable Instruments, sect. 1233 *a*. A negotiable note *after due* is still a negotiable instrument, and does not fall within the designation "non-negotiable instruments," referred to in the Revised Statutes. *Cutler v. Cooke*, 77 Mo. 388.

II. The payer, in making payment after maturity, must be sure that it is made to the holder. For if it should have been transferred, after maturity, and before payment, to a third party, a payment to the transferrer would be invalid, and the transferee holding the instrument could himself enforce payment. 2 Daniels on Negotiable Instruments, sect. 1233 *a* ; *Davis v. Miller*, 14 Gratt. 1; *Baxter v. Brown*, 6 Metc. (Mass.) 7.

III. The fact that the note was received by the bank as collateral security does not affect it as a holder for value. *Logan v. Smith*, 62 Mo. 455; *Davis v. Miller*, 14 Gratt. 1.

IV. It matters not that *plaintiff* had knowledge of the payment of the note to King before he purchased, *provided* the *bank* was a *bona fide* holder. 1 Daniels on Negotiable Instruments (3 Ed.) sect. 803 ; *Funkhouser v. Lay*, 78 Mo. 459.

EDWARDS & DAVISON, for the defendant in error.

I. The note, in this case, if negotiable, is governed by section 547 of Revised Statutes. The transfer is after maturity, and the holder takes it as a dishonored bill, and is affected by all the equities, whether he has any notice thereof or not. Story on Bills, sect. 220 ; Chitty on Bills (8 Am. Ed.) 240 ; *Wheeler v. Barrett*, 20 Mo. 573 ; *Cutler v. Cooke*, 77 Mo. 388.

II. The answer in the case at bar pleads no set-off, nor equity, nor defence, not connected with the note itself. It simply pleads payment; and certainly this is not a collateral or outside matter. It is true the payment was made by the maker to the payee in the note,

the original parties to the transaction, but the plaintiff in this case had full notice of the payment at the time and before the pretended purchase from the bank. The evidence fully supported the averments of the answer. The plaintiff is not an innocent purchaser. *Wheeler v. Barrett*, 20 Mo. 575.

Hall, J.—It is settled law in this state that the transferee of negotiable paper, to whom it has been transferred after maturity, acquires nothing but the actual right and title of the transferrer; and if the paper had been paid he cannot recover. *Wheeler v. Barrett*, 20 Mo. 573; *Cutler v. Cook*, 77 Mo. 388; *Barnes v. Mc-Mullins*, 78 Mo. 263; 1 Daniels on Negotiable Instruments, sect. 724 *a*, and vol. 2, sect. 1233 *a;* Story on Promissory Notes, sect. 190.

The trial court made a special finding of the facts. To the facts so found we shall limit ourselves, and simply determine whether the court correctly applied the law to those facts. The plaintiff, by the purchase of the note, acquired the title and right of the then holder, from whom he purchased; that and nothing more. But he acquired all that right and title. If, at the time the bank acquired its title and right, *which it conveyed to plaintiff*, the defendant had not paid the note, the subsequent payment of it by the defendant would not deprive the plaintiff of such right or title. And this is so, although the bank obtained the note after maturity, and the plaintiff, at the time of his purchase knew that, after the bank had so obtained the note, the defendant had paid it. 1 Daniels on Negotiable Instruments, sects. 803 and 726 *a;* *Funkhouser v. Lay*, 78 Mo. 459. Because, if, at the time the bank obtained the right and title to the note *which it sold to plaintiff*, the note had not been paid, by the subsequent payment of the amount due on the note to the original payee, the bank lost none of the right and title already acquired by it (2 Daniels on Negotiable Instruments sect. 1233 *a*), and this right and

title the bank might retain or sell.   Sect. 803 and 726 *a*, *supra*.

Now, it is true that the note was originally placed in the hands of the First National Bank as collateral security, and at that time defendant had made none of the payments ; and that the bank became and was entitled to the rights of a holder of the note for value.   This is true.   But it is also true that the bank did not transfer the right and title, then and thereby acquired by it, to plaintiff.   In transferring the note as collateral security to the bank, the payee therein endorsed it in blank.

The bank acquired the rights mentioned.   Those rights the bank could keep or part with, as it saw fit to do.   The bank parted with those rights, by exchanging them for other rights.   The bank held the note as collateral security ; by a new arrangement with the payee on the note the bank became absolute owner of the note.   To carry out the new arrangement the payee endorsed the note anew, " without recourse."   After this endorsement the bank sold the note to plaintiff.   The plaintiff acquired, not the right and title the bank first had, and which it had abandoned, but the right and title last acquired by it under the new arrangement, and by reason of the endorsement " without recourse."

But between the two points of time the defendant had paid the note in full to the payee.   The original right and title of the bank were not affected by the payment, but the new right and title, acquired after the maturity of the note and its payment in full, were rendered of no effect thereby.   The bank had no title or right to sell.   The plaintiff obtained none.

Judgment affirmed.   Ellison, J., concurs ; Philips, P. J. absent.