KIDDER et al. v. CHILDS et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1909.)

VENDOR AND PURCHASER (§ 65*)—SALE BY ACRE—LANDS BOUNDED BY HIGH-
WAYS.
Under a contract of sale at a certain amount per acre of a tract de-
scribed as bounded on certain sides by highways, the purchaser does not
have to pay for the land in the highways, though the vendor owns to
the center thereof, subject to the highway easement, and a conveyance
in such terms would by implication carry the vendor's incumbered fee
in the highway.
[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §
95; Dec. Dig. § 65.*]

Miller and Woodward, JJ., dissenting.

Submission of controversy between Ruth Seabury Kidder and an-
other, as plaintiffs, and John Lewis Childs and another, as defend-
ants. Judgment for defendants.

This is a submitted controversy.
The plaintiffs and one Lexow made a contract by which the former agreed
to convey to the latter for $175 an acre a tract of land in Suffolk county
bounded "on the north in part by the North Country road, Ronkonkoma road,
and land formerly of C. Edward Hawkins' estate; on the east by land for-
merly of Alfred W. Mills, C. Edward Hawkins estate, and Ronkonkoma road
and the estate of Wm. Williamson; on the south by land of the estate of
Wm. Williamson and land of George Powell; on the west by land of Du
Bois Smith," in fee simple "free from all encumbrance"; and he agreed
"to purchase said premises at the said consideration of $175 an acre." The
plaintiffs owned the fee to the center of the said boundary roads, subject to
a perpetual highway easement, and the deed given by the plaintiffs and ac-
cepted by the defendant conveyed to the center of the said highways.
The question in dispute is whether the purchaser has to pay $175 an acre
for the land in the said highways, the same as for the land bounding on
them. Lexow assigned his contract to the defendant.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and
MILLER, JJ.

Charles Stewart Butler, for plaintiffs.
George M. Mackellar, for defendants.

GAYNOR, J. The words of description in the contract, viz., bound-
ed "by" the said roads, would, in a conveyance, although it does not
in terms include the strips of land in the said roads, carry along the
right, title and interest of the grantor in the said strips, i. e., to the
middle line of the said roads. 3 Kent's Com. 433; 3 Wash. on Real
Est. (5th Ed.) 448; Elliott on Roads and Streets (2d Ed.) c. 31.
But it does not follow that the true construction of the contract is that
the purchaser is to pay for the acreage in the highways, in addition to
that within the precise terms of the boundaries. · The contract sets
boundaries to the land in the vendors' possession and to be paid for.
For that purpose the land is bounded by the road and not by the mid-
dle line of the road. For the courts to make a rule that such a descrip-
tion, though not in terms including it, will draw or carry along with

the grant the grantor's encumbered fee in the highway, is not the same as making a rule as to whether the acreage in the highway, which is outside the precise terms of the boundary, shall be included in the acreage to pay for where the price is fixed by the acre. The one is no premise or foundation for the other. The former is an artificial rule made to prevent unintentional inconvenience and trouble. It rests on the presumed intention of grantor and grantee not to disconnect the highway strip and leave the title to it in the grantor, who could make no use of it. But an intention that such strip is to be paid for by the grantee at the rate an acre or square foot fixed by the contract for the land described therein is quite another thing and not to be presumed. If the contract does not expressly include the road or street area in the land to be paid for by the acre or square foot, such an intention cannot be implied. The rule in respect of boundaries by, on or along a road, street or nonnavigable river (and it is the same as to each), carrying the grantor's right, title or interest therein cannot be resorted to as the basis for such an intention. It is an artificial rule which stands alone, having a reason, history and literature all its own.

It is often the case that the vendor does not own into the road or street; in which case it could not be claimed that by a contract with a description like the present one he bound himself to convey the fee to the middle line of the road or street, and that his inability to do so was a breach. The terms of the contract in such a case would not be extended by the said artificial rule. This illustrates that the contract in and of itself is only for the land within the precise boundaries therein given; but if it happen that the vendor own the strip in the road, also, then the said rule comes into play, and by force of it the description carries along the said strip.

A contract of sale of a city block, bounding it by the surrounding streets, would carry the strips in the streets, for the rule is the same in respect of city lots as of farms. The same would be the case of a contract of sale by the map number of a city lot as the only description. Bissell v. N. Y. C. R. Co., 23 N. Y. 61. Could an intention be implied from this that the grantee must pay for the square feet in the streets, if the contract be for payment by the square foot? In the case of a corner lot 25 feet front, such street area would be more than twice that of the lot, assuming streets 100 feet wide. No one seems to know of such a claim having ever been made. And what of the case of land on a stream or river however broad?—for the case would still be the same. The research of counsel has discovered no authority for the proposition that the bed of the road, street or river would have to be included in order to determine the area to be paid for. Reliance is placed on the rule that a description by, on or along a road, street or river carries to the middle line, but it does not apply.

The defendant should have judgment.

Judgment for the defendants, without costs, in accordance with the terms of the submission. JENKS and RICH, JJ., concur.

MILLER, J. (dissenting). The defendants contend the land in the highway is not to be paid for because of the provision in the con-

tract for a conveyance "free from all encumbrance." It is well settled that a public highway is not an incumbrance within the meaning of that term as used in covenants against incumbrances. Whitbeck v. Cook, 15 Johns. 483, 8 Am. Dec. 272; Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, 3 L. R. A. 789, 10 Am. St. Rep. 432. The plaintiffs have conveyed the premises, including to the middle line of the boundary highways, "free from all encumbrance."

The contention that the land in the highways is not to be paid for follows the premise that "the contract sets boundaries to the land in the vendor's possession and to be paid for." The contract does not purport to set definite boundaries as in a description by metes and bounds, courses and distances, but, in place of that, merely identifies the property to be conveyed by a loose description, commonly found nowadays in conveyances of rural property, referring generally to the premises and highways bounding it. The entire farm, including the land in the highways, was in the vendor's possession. Gidney v. Earl, 12 Wend. 98; Jackson v. Hathaway, 15 Johns. 447, 8 Am. Dec. 263; Cortelyou v. Van Brundt, 2 Johns. 357, 363, 3 Am. Dec. 439; Babcock v. Lamb, 1 Cow. 238. It may be begging the question to say that the description in a land contract is intended to include the land to be conveyed and to be paid for, but that appears to me to be self-evident. If the description sets definite bounds, it limits the land to be conveyed the same as that to be paid for. This description does not set definite bounds, and, because of that, includes the entire farm to the center of the highways bounding it. Matter of Ladue, 118 N. Y. 213, 23 N. E. 465, and cases cited. The rule that a general description of land as bounded by, along, or upon a highway, street, or nonnavigable stream, carries to the middle line thereof, is a rule of construction based on common experience and understanding, and, in respect of rural highways, has always been regarded in this state as settled law. See Jackson v. Hathaway, supra. The parties, then, described the premises in terms which they knew, and which the law said, included the land in the highways. Hence the case is the same as though said land had been included by express terms.

The vendee was entitled to a conveyance of the land in the highway by virtue of the contract or not at all. His assignee gets title to it by virtue of the grant or not at all. "The established inference of law is that a conveyance of land bounded on a public highway carries with it the fee to the centre of the road as part and parcel of the grant." Bissell v. N. Y. Central R. R. Co., 23 N. Y. 61. The law is, not that the fee to the center of the highway passes with a grant of land abutting upon it (Jackson v. Hathaway, supra; White's Bank of Buffalo v. Nichols, 64 N. Y. 65; Kings Co. Fire Ins. Co. v. Stevens, 87 N. Y. 287, 41 Am. Rep. 361), but that, unless expressly excluded, it is presumed to have been included. There is no warrant, therefore, for the contention that the grantee gets title to said land by operation of some artificial rule of law, and not by virtue of the contract in and of itself. Of course, if the vendor had not owned the land in the highway, the contract would not have required the conveyence of it, for the reason that, in that case, the presumption of an intention to include it would be rebutted. It is to be assumed that the parties knew,

when the contract was made, that the vendors owned to the center of the highways. Except in the case of the old Dutch roads, the public never acquired more than a right of way in our rural highways. Jackson v. Hathaway, supra. The presumption is that the public have only an easement (Fanning v. Osborne, 102 N. Y. 441–445, 7 N. E. 307); and so generally has it been the case that adjoining owners have each contributed half of the land for the road, dividing their properties, that the presumption is that the title of abutting owners extends to the center of the highways (Haberman v. Baker, 128 N Y. 253–259, 28 N. E. 370, 13 L. R. A. 611).

The case, then, comes to this: The parties, knowing that the plaintiffs owned to the middle line of the highways, entered into a contract of purchase and sale of the entire farm. The vendee agreed to pay an average price per acre, without excepting any part from the acreage to be paid for. He must pay, therefore, for all he contracted to buy. There is no pretense that he was willing or could have been compelled to accept a conveyance which excluded the land in the highway, and he can only be excused from paying for it upon the presumption that, though included with the land to be conveyed, the parties intended, without saying so, to exclude it from the land to be paid for; but there are no facts in this case to justify that presumption. The land in the highway is a very small part of the entire farm. It is presumably of value, it may be put to uses not inconsistent with the public use, the ownership of the fee is of value as a protection from added burdens, and there is always the possibility of the extinguishment of the public easement. Jackson v Hathaway, supra; Haberman v. Baker, supra. Upon the face of the contract there is no distinction between the land to be conveyed and that to be paid for. It is shown, I think, both by reason and authority, that the grantee acquired the land in the highways as part and parcel of the grant, and was entitled to it per force of the contract in and of itself; and it must follow that all is to be included in the acreage to be paid for, in the absence of proof of facts and circumstances to justify the presumption that the parties otherwise intended.

I can perceive no distinction between the case of a highway or stream on the boundary of a farm and one extending through it, so that both are included within the description of the premises to be conveyed. If such highway or stream is to be excluded from the acreage to be paid for, there would be equal reason for excluding those parts of the farm of little or no value; for example, an irreclaimable swamp, an inaccessible ravine—supposable cases. In fixing the average price per acre, the parties are supposed to have considered the apparent facts, and to have intended that the more valuable part should make up for the less valuable.

If the vendor had agreed to convey a stated number of acres for a lump sum by a contract, containing a like description to this one, the case would be the converse of this. Plainly, in such case, the conveyance of the stated number of acres, including the land in the highway, would be all the vendee could demand.

The supposed case of the city lot is not before us. While the rule is the same respecting the presumption of an intention to convey to

the center of the street, it has been said that the presumption is less strong in the case of a street in a large city. English v. Brennen, 60 N. Y. 609. The question is one of intention. The relative quantity of land in a street or highway might be so great, and the price per square foot in relation to the value of the property might be so high, as to justify a presumption that the parties intended that the square foot price should be reckoned on the land outside the street; but no such considerations are involved in this case. Every farmer understands that the acreage of his farm includes the land in the highways extending through or bounding it. . If the vendee did not intend to pay for the land in the highway, he should so have stipulated.

WOODWARD, J., concurs.