FARMERS & MERCHANTS BANK, Appellant, v. F. W. H. SIEMERS, Respondent.

St. Louis Court of Appeals.  Opinion Filed June 13, 1922.

1. **BILLS AND NOTES: Limiting Words Written on Face of Note Before Execution: Part of Contract.** Where before the execution of a note the words ''Payable to John Eggimann estate,'' were written on the face of the note before the execution of the instrument, they must be regarded as part of the contract between the parties and limiting the authority of the payee over the note.

2. ——: ——: ——: **Carries Notice of Defect in Payee's Title.** In view of section 842, Revised Statutes 1919, providing that to constitute notice of infirmity the person to whom a note is nego-

tiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith, *held* the words "Payable to John Eggimann estate" written on the face of a note imparted actual knowledge that the note did not belong to the payee in his own right but "that he held it as trustee, hence he had no authority to pledge the note as security for his individual debt, and having done so the pledgee acquired no title thereto under the assignment.

3.  ——: ——: **Assignment of Note After Maturity: Holder Takes Subject to All Equities.** Where a payee held a note as trustee and after maturity pledged it to secure his individual debt, the pledgee was not a holder in due course, and under section 844, Revised Statutes 1919, took the note subject to all the equities with which it was encumbered in the hands of the transferer whether he had notice thereof or not.

Appeal from Cape Girardeau Court of Common Pleas.— *Hon. John A. Snider,* Judge.

AFFIRMED.

*A. M. Spradling* for appellant.

*Wilson Cramer,* for respondent.

BRUERE, C.—This is a suit on a promissory note executed by defendant for five hundred dollars, dated October 27, 1917, and payable one day after the date thereof to the order of A. E. Feuerhahn, which note was alleged in the petition to have been endorsed and delivered by said Feuerhahn to plaintiff.

The answer admitted the execution of the note but put in issue plaintiff's title thereto. It pleaded that the money received by defendant on said note was borrowed by him from the estate of John Eggimann, deceased, and was loaned to him by A. E. Feuerhahn as the agent of the administratrix of said estate, and that said A. E. Feuerhahn had no right or interest in said money or any part thereof; that said note, while made payable to the order of A. E. Feuerhahn, was in fact payable to the estate of John Eggimann, deceased, as shows on the

face by a memorandum made by A. E. Feuerhahn before' its execution and delivery; that said note was not the property of A. E. Feuerhahn, but belonged to the estate of John Eggimann, deceased, and was unlawfully delivered by the said Feuerhahn to plaintiff as collateral to secure his own note for three hundred and fifty dollars without the knowledge or consent of the administratrix of said estate; and that plaintiff accepted said note as collateral with full notice and knowledge of all the facts, and was not entitled to recover thereon, but that defendant owed the amount of said note to the estate of John Eggimann, deceased.

The replication interposed a denial of the allegations of new matter.

A trial of the cause was had before the court, a jury having been waived, which resulted in a judgment for defendant, from which plaintiff has appealed.

The facts are uncontradicted and are, in substance, as follows:

Mrs. Emelia Eggimann was the administratrix of the estate of her deceased husband, John Eggimann, and had appointed her nephew, A. E. Feuerhahn, as he agent to attend to the business of said estate.

On October 27, 1917, the defendant desired to borrow five hundred dollars and was informed by Feuerhahn that he could get the money from John Eggimann's estate. Thereupon the loan was made as evidenced by the note in question. The note was drawn up by Feuerhahn and before it was executed by the maker he wrote thereon the words—"Payable to John Eggimann estate."

Thereafter, on the 28th day of Juune, 1918, long after the maturity of the note, Feuerhahn, without the knowledge or consent of Mrs. Eggimann, endorsed and delivered said note to the plaintiff bank, as collateral for his individual debt to said bank. The endorsement on the back thereof is as follows: "A. E. Feuerhahn." Feuerhahn's debt to the bank, secured as aforesaid, was evidenced by two notes, one for four hundred dollars, executed on the 28th day of June, 1918, and the other

'for three hundred dollars, executed prior to that time. The business of pledging the note was had with plaintiff's cashier, who admitted at the trial that he read the words—"Payable to John Eggimann estate," written on the face of the note, before it was assigned to plaintiff but that he did not ask Feuerhahn any question about it.

Appellant contends that the words: "Payable to John Eggimann estate," written on the face of the note, are no part of the instrument but are to be taken as a mere private memorandum and therefore immaterial.

It is further contended by appellant that the administratrix of the Eggimann estate clothed her agent, A. E. Feuerhahn, with full power of disposition over the note and that plaintiff, having been led into dealing with such apparent owner, will be protected in said dealings.

To these contentions we cannot agree. Inasmuch as the words: "Payable to John Eggimann estate" were written on the face of the note before the execution of the instrument they must be regarded as part of the contract between the parties. Thus considering the instrument they must be construed as limiting the authority of Feuerhahn over the note.

The question arises whether the note itself with the said memorandum thereon was sufficient to impart notice to the plaintiff of the defect in the title of the note at the time it was assigned to it by Feuerhahn?

The negotiable instrument law provides that: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." [Sec. 842, R. S. 1919.]

In disposing of the note in question, as security for his own debt to the bank, Feuerhahn was guilty of a flagrant breach of trust, and if plaintiff knew this he acquired no title to the note.

The words: "Payable to John Eggimann estate," written on the face of the note imparted actual knowl-

edge to the plaintiff that the note did not belong to Feuerhahn in his own right but that he held it as trustee for the estate of John Eggimann, deceased. The character of the note as trust property was stamped upon its face as fully as if the note had contained the words—payable to A. E. Feuerhahn, trustee, for account of John Eggimann estate.

The pledging of the note, held in trust, as security for the trustee's private debt was an act prima facie unauthorized and unlawful, and in itself a suspicious circumstance, imposing upon the plaintiff the duty of inquiry. Plaintiff's cashier admitted that he read the said memorandum before the note was assigned and that he made no inquiry concerning it. Plaintiff was bound to know, after reading said memorandum, that, by law, Feuerhahn had no authority to dispose of the note for his own debt.

Had Feuerhahn, prior to the assignment, informed plaintiff's cashier that he held the note as trustee for said estate, and that he had no power to pledge it for his individual debt, the efficiency of the notice that Feuerhahn was not the owner of the note could not be seriously questioned; yet the note itself gives the same information. The said memorandum on the note was sufficient to bring home to the knowledge of the plaintiff that the note was not Feuerhahn's individual property but property which he held as trustee for said estate.

We are of the opinion that Feuerhahn had no authority to pledge the note as security for his individual debt, and that the plaintiff had actual knowledge of the defect in Feuerhahn's title to the note. [Turner v. Hoyle, 95 Mo. 340, 86 S. W. 157; Callaway v. Johnson, 51 Mo. 33; Mo. Pac. Ry. Co. v. Levy, 17 Mo. App. 503; Galloway v. Gleason, 61 Mo. App. 21; Miller v. Peoples Savings Bank, 193 Mo. App. 506, 186 S. W. 547; Schlamp v. Manewal, 196 Mo. App. 123, 190 S. W. 114; Duncan v. Jaudon, 82 U. S. 165; Fowler v. Brently, 39 U. S. 319; Sigaurney v. Lyord, 8 Bartwell & Cresswell 622; 1 Darnell on Neg. Inst. (6 Ed.), sec. 283; Genard, et al. v.

McCormick, 130 N. Y. App. 261; Truettel v. Wurtz, 8 Taunt, 100; Byles v. Bills & Notes, 84.]

Moreover, since the plaintiff became the holder of the note after it was overdue, it is not a holder in due course and in its hands the note is subject to the same defenses as if it was non-negotiable. [Sec. 844, R. S. 1919.]

The case is therefore controlled by the law governing notes which came in the hands of third persons after maturity. As to such a note the holder takes it subject to all the equities with which it was incumbered in the hands of the transferer whether he has notice thereof or not.

It having been shown that Feuerhahn had no right to pledge the note for his individual debt, plaintiff acquired no title thereto under the assignment. [Wheeler v. Barret, 20 Mo. 575; Kellogg v. Schnaake, 56 Mo. 138; Ford v. Phillips, 83 Mo. 529; Julian v. Calkins, 85 Mo. 206; Turner v. Hoyle, supra; Loewen v. Forsee, 137 Mo. 29, 38 S. W. 712; Mo. Pac. Ry. Co. v. Levy, supra; Miller v. Peoples Savings Bank, supra.]

Appellant invokes the doctrine that: "If the true owner of a negotiable note overdue, or of a non-negotiable note, clothes another with the usual evidences of ownership, or with full power of disposition, and third persons are led into dealing with such apparent owner, they will be protected in their dealings."

This doctrine cannot be invoked in this case. As has been hereinbefore stated, Feuerhahn was not clothed with the usual evidence of ownership in the note or with full power to dispose of it, nor was he the apparent owner of it in his own right. Plaintiff bank was not led into dealing with Feuerhahn, concerning the note, because of any act of the real owner of the note which would preclude it from disputing, as against the plaintiff, the existence of a good title in Feuerhahn to the note. On the contrary the note on its face furnished ample indicia that Feuerhahn had no authority to make the assignment under which plaintiff claims title to the note.

In this view of the case the judgment of the lower court must be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the Court of Common Pleas of the county of Cape Girardeau is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.