JAMES S. DOWLING, Appellant, v. GRAND AVENUE BANK OF ST. LOUIS, a Corporation, Respondent.*

St. Louis Court of Appeals.  Opinion Filed December 2, 1924.

1. **BILLS AND NOTES:** Forgeries: Forged Endorsement Extending Maturity: Fraudulent Alteration of Maturity Dates: Note Void Ir-

*(1) Bills & Notes, 8 C. J., Sections 1010, 1028 (1926 Anno);

Dowling v. Grand Ave. Bank.

respective of Knowledge of Indorsee. A forged indorsement on a note purporting to extend its maturity, and the false and fraudulent alterations of the maturity dates on the semi-annual interest notes, *held* wholly inoperative and void whether the transferee, at the time the notes were delivered to it by the transferor, had knowledge of the forgery or not.

2. ————: Note Acquired After Maturity: Subject to All Equities: Notice Immaterial. A note which comes into the hands of third persons after maturity, the holder takes it subject to all the equities with which it is incumbered in the hands of the transferor, whether he has notice thereof or not.

3. ————: Holder in Due Course: Burden of Proof. Under section 845, Revised Statutes 1919, the burden is on the holder of notes shown to have been negotiated to it in breach of faith, thus proving that transferor's title was defective within the meaning of the provisions of the Negotiable Instrument Act, to prove that it or transferor acquired the title to the notes as holder in due course, and *held* this it could not do in the instant case, because it did not acquire the notes before maturity.

4. **CANCELLATION OF INSTRUMENTS:** Evidence: Proof of Payment of Notes Before Acquisition by Defendant: Plaintiff Entitled to Decree Declaring Notes and Deed of Trust Paid and Extinguished. Defendant, having acquired the notes in controversy from transferor after they became due, took them subject to all the equities attached to them in the hands of transferor, and, it having been proved that the notes were paid before defendant acquired them, the plaintiff was entitled to a judgment and decree declaring the notes and deed of trust fully paid and extinguished.

5. **BILLS AND NOTES:** Forgeries: Forged Indorsements and Alterations: Bank Taking Past Due and Paid Notes: Rule Where One of Two Innocent Persons Must Suffer, etc: Cannot be Invoked. While the act of an agent, clothed by his principal with apparent title to negotiable security, in negotiating a note to a purchaser in good faith before maturity for a valuable consideration, though wholly unauthorized, binds the principal as effectually as if no defect of authority existed, under the rule that where one of two innocent persons must suffer, the one must be the sufferer who gave occasion to the commission of the wrong, yet such rule cannot be invoked by a bank acquiring notes, theretofore delivered by plaintiff to transferor for the purpose of having them released of record,

(2) Bills & Notes, 8 C. J., Section 693; (3) Bills & Notes, 8 C. J., Section 1291; (4) Cancellation of Instruments, 9 C. J., Section 60; (5) Bills & Notes, 8 C. J., Section 721.

which disclosed on their face that they were past due, and since forged indorsements made on said notes by transferor, purporting to extend their maturity, were wholly inoperative and void, and therefore could not operate to plaintiff's prejudice, the defendant did not acquire title to the notes as holder in due course, but took them subject to all the equities of any third persons whose rights were to be affected by the paper, and, the paper having been fully paid, the defendant took it affected with that infirmity.

6. ———: ———: ———: ———: Plainly Appearing on Face of Notes: Indorsee Presumed to Have Had Knowledge of Payment. Where alterations of maturity dates of interest notes and forged indorsement purporting to extend the maturity of the principal note, plainly appeared on the notes, showing that they were not regular on their face when defendant took them, and, as that was a fact sufficient to put defendant upon inquiry, the defendant must be presumed to have had knowledge of any fact the inquiry would develop.

(6) Bills & Notes, 8 C. J., Section 721.

Appeal from the Circuit Court of the city of St. Louis.— *Hon. Robert W. Hall*, Judge.

REVERSED AND REMANDED (*with directions*).

*Rassieur, Kammerer & Rassieur* for appellant.

(1)   The forgery and unauthorized endorsement of a memorandum of a purported extension on the Pearce note did not have the effect of extending the maturity of the note, even in the hands of a holder, for value, without actual knowledge of the fraud. Bacon v. Reichardt, 208 S. W. 24; German-American Bank v. Barnes, 185 S. W. 1194; Secs. 810, 910, 911, R. S. 1919. (2)   The Pearce note and deed of trust having been fully paid and discharged before they were delivered by appellant to Rodgers for release, and the Pearce note being then past due, respondent acquired no title to the note and deed of trust by the subsequent fraudulent acts of Rodgers. Bacon v. Reichardt, 208 S. W. 24; Hoeley v. South Side Bank, 280 Mo. 336; Kellog v. Schnaake, 56 Mo. 136; Bishop v. Chase, 156 Mo. 158; Ford v.

Phillips, 83 Mo. 523; Turner v. Hoyle, 95 Mo. 337; Mayer v. Columbia Savings Bank, 86 Mo. App. 108. (3) Respondent having acquired the Peace note after its maturity, took the note subject to the defense of payment. 2 Daniel Neg. Inst. (6 Ed.), sec. 1233a; Bacon v. Reichardt, 208 S. W. 24; Hoeley v. South Side Bank, 280 Mo. 336; Kellogg v. Schnaake, 56 Mo. 136; Henley v. Holzer, 19 Mo. App. 245; Secs. 838, 844, R. S. 1919. (4) The Pearce deed of trust was a mere incident to the note; since the note was paid, its attempted reissue and transfer, after payment and maturity, could not revive the mortgage, as the mortgage ceased to exist when the note was discharged. Murphy v. Simpson, 42 Mo. App. 654, 658; Bacon v. Reichardt, 208 S. W. 24.

*Sam B. Jeffries, Arthur E. Simpson* and *Paul F. Plummer* for respondent.

Plaintiff delivered negotiable paper endorsed in blank to his trusted agent, Rodgers, thereby giving him apparent title to it and every indicia of ownership, and is now estopped to assert as against the defendant that Rodgers did not have title to the paper and the right to pledge it. The equitable doctrine that where one of two innocent persons must suffer by the fraud of a third, the one must suffer who placed it in the power of the third person to commit the wrong is applicable. Beade v. Cramer, 278 Mo. 515; Cannon v. Gibson, 162 Mo. App. 386; Lee v. Turner, 89 Mo. 489; International Bank v. German Bank, 71 Mo. 197; Neuhoff v. O'Reilly, 93 Mo. 164; Kein v. Vette, 167 Mo. 389; Priest v. Garnett, 191 S. W. 1048; Ricketts v. Finkelstein, 211 S. W. 391; Leonard v. Shale, 266 Mo. 123; McNeil v. Tenth Nat'l Bank, 46 N. Y. 329; Noble v. Moses Bros., 74 Ala. 604; Milwaukee Harvester Co. v. Glidden, 106 Ill. App. 319; National Safe Deposit Co. v. Hibbs, 229 U. S. 391, 33 Sup. Ct. 818, 57 L. Ed. 1241; Burson v. Huntington, 21

Mich. 415, 432; Gardner v. Beason Trust Co. (Mass.), 76 N. E. 455, 2 L. R. A. (N. S.) 767; White v. Dodge, 187 Mass. 449; Cochran v. Stewart, 21 Minn. 435; Moore v. Moore, 112 Ind. 149; Ethridge v. Gallagher, 55 Miss. 458; Connell v. Bluss, 52 Me. 476; Eversole v. Maull, 50 Md. 95.

BRUERE, C.—This is an action in equity seeking the surrender and cancellation of a principal note and four semiannual interest notes, which were secured by deed of trust on the property described in the petition, on the ground that said notes were fraudulently reissued after they had been fully paid and satisfied. The trial court, upon hearing, dismissed the bill and plaintiff has appealed.

The facts are uncontradicted and are, in substance, as follows:

On June 28, 1909, Stanley D. Pearce was the owner of certain real estate situated in the city of St. Louis, Mo., and on said day executed his note for seven thousand dollars, payable to the order of George E. Harris and due three years after date, and secured the same by deed of trust on said real estate; that said note was thereafter endorsed and assigned, in blank without recourse, by said Harris to the plaintiff, who acquired said note for value and in due course before maturity; a payment of one thousand dollars was made on the principal of said note and was duly endorsed thereon prior to the time plaintiff acquired the note; the said deed of trust was duly recorded in the office of the recorder of deeds for the city of St. Louis, Mo.; at the maturity of said note, to-wit, on June 28, 1912, said note was extended for a period of three years, to-wit, to June 28, 1915; on said last date plaintiff was the owner and holder of said note, and the real estate, described in said deed of trust securing said note, was then owned by one Hugh MacKenzie; on the 28th day of June, 1915, said note was extended for an additional period of three years, to-wit, to June 28, 1918; an endorsement evidencing such extension was

made, at said time, on the note and which reads as follows:

"Payment of the balance of $6000 on this note is hereby extended for three years from June 28, 1915, on condition that six semiannual interest notes each dated June 28, 1915, each for $180 executed by Hugh MacKenzie, payable to the order of Frank W. Rodgers, representing the accruing interest during said period be promptly paid as they mature. Any failure to pay said interest notes at maturity to leave this note due and payable. The intention being to extend same only so long as said interest is promptly paid."

Pursuant to said agreement of extension, Hugh MacKenzie made, executed, and delivered to plaintiff his six semiannual interest notes, dated June 28, 1915, each for the sum of $180, payable 6, 12, 18, 24, 30 and 36 months after date, respectively, and all payable to the order of Frank W. Rodgers, who on said 28th day of June, 1915, endorsed the same in blank without recourse.

On said 28th day of June, 1915, the real estate, described in said deed of trust securing said note, was also subject to a junior deed of trust, dated July 15, 1914, securing an indebtedness of twenty-five hundred dollars, evidenced by certain notes, payable to the order of plaintiff, which notes were held and owned by plaintiff at said time.

On the 28th day of January, 1916, Hugh MacKenzie paid to plaintiff the semiannual interest note for one hundred and eighty dollars, due December 28, 1915, executed by him; on August 30, 1918, the Pearce note for a balance of six thousand dollars, the remaining five semiannual interest notes and the notes secured by said junior deed of trust were all past due and unpaid; in liquidation of the amount due on said notes, said MacKenzie on August 30, 1918, transferred and conveyed his equity of redemption in the real estate, described in said deeds of trust securing said notes, to plaintiff, and plaintiff thereupon became the owner of said real estate.

Thereafter, on August 30, 1918, plaintiff conveyed said real estate to one Mary Bollinger by warranty deed and accepted in part payment of the purchase price her note for six thousand dollars, dated August 30, 1918, due four years after date and secured by deed of trust on the property sold, together with interest and installment notes aggregating twenty-five hundred dollars, secured by a second deed of trust, on said real estate; these notes were owned by the plaintiff at the time this cause was tried.

The sale to Mary Bollinger was closed in the office of Frank W. Rodgers, a real estate agent then located in the city of St. Louis, Mo.; thereafter, and on said 30th day of August, 1918, plaintiff directed said Rogers to release the Pearce deed of trust in the office of the recorder of deeds for the city of St. Louis, Mo., and thereupon delivered to Rodgers the principal note of said Stanley D. Pearce, dated June 28, 1909, originally for seven thousand dollars, as hereinbefore stated, and the deed of trust securing the same, and also the five semi-annual interest notes, dated June 28, 1915, each for one hundred and eighty dollars, executed by said Hugh Mac-Kenzie, hereinbefore described; the other interest note for one hundred and eighty dollars, executed by Mac-Kenzie, due six months after date, and which had been paid by MacKenzie was also delivered to Rodgers for the purpose of releasing, on the record, said deed of trust.

At the time these notes were deliverd to Rodgers for release they were all past due on their face and had been fully paid and satisfied. Rodgers did not release the Pearce deed of trust upon the records in the recorder's office of the city of St. Louis, Mo., as he had been directed to do by plaintiff, but wrongfully and without the knowledge, consent or authority of the plaintiff, forged a spurious endorsement on the Pearce note, purporting to extend its maturity for three years from June 28, 1918; said forged endorsement recited that Hugh MacKenzie had executed six semiannual notes dated June 28, 1918, each for one hundred and eighty dollars, for interest to

accrue during the period of said purported extension; said Rodgers also, wrongfully and without the knowledge, consent or authority of the plaintiff, changed and altered the dates on the said semiannual interest notes, due 12, 18, 24, 30 and 36 months after date for one hundred and eighty dollars each, by making the purported dates June 28, 1918, instead of June 28, 1915, and the same change was made in the date cancelling the revenue stamps on said interest notes; Rodgers also changed the maturity dates, written on the semiannual interest notes, so that the same corresponded with the purported dates on which said notes became due. The alterations made on the semiannual interest notes can be clearly seen with the naked eye.

After having so forged and altered said notes, Rodgers without the knowledge, consent or authority of plaintiff, on the 12th day of April, 1919, delivered said Pearce note, said semiannual interest notes and the deed of trust, securing the same, to defendant, Grand Avenue Bank, and pledged them as collateral security for an indebtedness owing by him to said defendant. This indebtedness was reduced by payments by Rodgers, until at the time of the trial the sum of two thousand dollars, with interest from November 25, 1921, still remained unpaid.

The question arises whether on the facts presented the trial court erred in refusing to enter a judgment and decree in favor of the plaintiff.

It will be observed that when the notes in question were delivered to Rodgers for release they were all past due on their face and had been fully paid. The forged endorsement on the Pearce note, purporting to extend its maturity for three years from June 28, 1918, and the false and fraudulent alterations of the maturity dates on the semiannual interest notes, were wholly inoperative and void, whether the defendant at the time the notes were delivered to it by Rodgers, had knowledge of the forgery or not. [Sections 910, 911, R. S. 1919; Quigley v. The Mexico Southern Bank, 80 Mo. 289.]

The case, therefore, stands here as if the notes bore no extension after June 28, 1918, and must be controlled by the law applicable to notes which come into the hands of third persons after maturity. As to such a note it is the settled rule that the holder takes it subject to all the equities with which it is encumbered in the hands of the transferrer, whether he has any notice thereof or not.

Section 838, Revised Statutes 1919, of the Negotiable Instruments Act provides that:

"Holder in due course.—A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 841 of said act provides:

"Title, when defective.—The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud."

Under the provision of section 845 of said act "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course."

The plaintiff having shown that Rodgers negotiated the notes to the defendant in breach of faith, and thus having proved that Rodgers' title thereto was defective within the meaning of the provisions of said Negotiable Instruments Act, the burden was on the defendant bank

to prove that it or Rodgers acquired the title to the notes as holder in due course, and this it could not do because it did not acquire them before maturity.

The defendant, having acquired the notes in controversy from Rodgers after they became due, took them subject to all the equities attached to them in the hands of Rodgers; and it having been proved that the notes were paid before defendant acquired them, the plaintiff is entitled to a judgment and decree declaring said notes and deed of trust fully paid and extinguished. [Bacon v. Reichardt, 208 S. W. 24; Wheeler v. Barret, 20 Mo. 575; Kellogg v. Schnaake, 56 Mo. 138; Henley v. Holzer, 19 Mo. App. 245, l. c. 248; Murphy v. Simpson, 42 Mo. App. 654, l. c. 658; Hoeley v. South Side Bank, 280 Mo. 336; Mayer v. Bank, 86 Mo. App. 108, l. c. 113; Bishop v. Chase, 156 Mo. l. c. 173, 175, 176, 56 S. W. 1080; Gullett v. Hoy & Orton, 15 Mo. 399; Julian v. Calkins, 85 Mo. 206; Turner v. Hoyle, 95 Mo. 337, l. c. 345, 8 S. W. 157; Ford v. Phillips, 83 Mo. 529; Miller v. Peoples Savings Bank, 193 Mo. App. 506, 186 S. W. 547; Farmers & Merchants Bank v. Siemers, 210 Mo. App. 247, 242 S. W. 417; Union Savings Bank of St. Louis v. Wangler, 254 S. W. 739; 2 Daniel on Negotiable Instruments (6 Ed.), sec. 1393a, p. 1393; Tiedeman on Com. Paper, sec. 371, p. 639.]

Learned counsel for the defendant, however, invoke the rule "that when one of two innocent persons must suffer loss caused by a third person, he who has enabled that person to commit the wrong must bear the loss," and contend that under this rule the judgment is for the right party.

We recognize the rule that "where a principal clothes his agent with apparent title to a negotiable security, as, ex. gr., by endorsing such a note in blank, and the agent, contrary to the commands of his principal, negotiates the note to one who purchases in good faith, before maturity, and for a valuable consideration, the act of the agent, though wholly unauthorized, will

bind the principal as effectually as if no defect of authority existed. [Story on Agency, sec. 443.] For in such cases where one of two innocent persons must suffer, the one must be the sufferer who gave occasion to the commission of the wrong." [Quigley v. The Mexico Southern Bank, 80 Mo. 289, l. c. 295.]

However, since the defendant is not an innocent holder into whose hands the notes came in the regular course of business before they became payable, the case at bar is not one in which the above rule can be invoked. The notes, when delivered by plaintiff to Rogers for the purpose of having them released on record, disclosed on their face that they were past due; and since the forged indorsements made on said notes by Rogers, purporting to extend their maturity, are wholly inoperative and void and, therefore, cannot operate to plaintiff's prejudice, the defendant did not acquire title to the notes as holder in due course but took them subject to all equities of any third persons whose rights were to be affected by the paper; and the paper having been fully paid defendant took it affected with that infirmity.

The view we take of this case is further strengthened by the fact that the notes in question were not regular on their face when the defendant took them, because the alterations and forgeries plainly appeared thereon; and, as that was a fact sufficient to put the defendant upon inquiry, the defendant must be presumed to have had knowledge of whatever fact the inquiry would develop.

In passing upon the question under consideration our Supreme Court in Ford v. Phillips, 83 Mo. 529, adopted the following rule of law laid down in Emerson v. Crocker, 5 N. H. 159; "If the owner of a note endorsed in blank deposit it thus with an agent to collect, and the agent, before the note is due, dispose of it, for a sufficient consideration, to a person, who has no notice of the right of the person who deposited it, such holder will be entitled to retain the note against the owner.

[1 B. & P. 648, Collins v. Martin;   8 Taunton, 100, Treuttel v. Barandon.]   In such a case, the rule, that whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss, must sustain it, as with great propriety applied.   But the rule holds only in cases of innocent holders, into whose hands the note came in the regular course of business, before it became payable. If the note be overdue at the time the agent so transfers it, the person who takes it must stand in the situation of the agent. [3 D. & E. 80, Brown v. Davies;   2 New Rep. 170, Goggerly v. Cuthbert; 2 Caine's Rep. C. 303, Johnson v. Bloodgood;   Chitty on Bills, 106, & 129; 1 Cowen, 387;   Havens v. Huntington.]''

The same rule was approved in Wheeler v. Barret, 20 Mo. 575;   Turner v. Hoyle, 95 Mo. 337, 8 S. W. 157; Miller v. Peoples Savings Bank, 193 Mo. App. 506, 186 S. W. 547;   Kellogg v. Schnaake, 56 Mo. 136;   Bacon v. Reichardt, 208 S. W. 24.

The last case cited was quite similar to the one at bar.   There Corless was the maker of an eleven hundred dollar note, payable to W. R. Roth, and deed of trust in controversy.   He sold the land to Schuchmann and he sold the same to plaintiff, subject to the above deed of trust.   The plaintiff paid one B. C. Stevens, who was his agent, the amount of said note and   Stevens agreed to release the deed of trust securing the same.   ''Stevens failed to pay the note at maturity but waited several months, till it was demanded of plaintiff by Roth, and then paid to Roth the amount of the principal and interest, and took the note as it then was, endorsed in blank by Roth, without having the same marked cancelled or paid.   This was done at the request of Stevens, with the consent of Roth, in order as Stevens said, that he might make some settlement with Bacon.   In April, 1913, (long after the maturity of the note), Stevens sold the principal note, with six new interest notes, in which the name of plaintiff had been forged, to the defendant

216 M. A.—7

Reichardt for eleven hundred dollars.'' The plaintiff brought suit to quiet his title and to cancel the deed of trust which had been fraudulently negotiated. In holding that the plaintiff was entitled to the relief sought the Supreme Court of this State said: ' ''Reichardt having purchased the eleven hundred, dollar note after its maturity from Stevens holds the same subject to any equities or defenses which plaintiff might have interposed, had he been sued upon said note by B. C. Stevens.'' . . . The note in controversy was fully paid and extinguished as an indebtedness before it was transferred to defendant Reichardt. As the latter acquired the note after maturity, the defense of payment was available by plaintiff to this action, and he has sustained the plea.''

We hold that the sections of the Negotiable Instruments Act, heretofore cited, are controlling in this case, and that under the decision of our Supreme Court in Bacon v. Reichardt, and the other cases, noted herein, the trial court erred in dismissing plaintiff's bill.

In this view of the case, this cause should be reversed and remanded, with directions to the trial court to set aside its judgment herein, and to enter a decree declaring said Pearce note and the MacKenzie semiannual interest notes fully paid and extinguished, and directing that defendant deliver said notes and deed of trust to plaintiff for the purpose of having said deed of trust satisfied of record in the office of the recorder of deeds in the city of St. Louis, Missouri. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court.

This cause is accordingly reversed and remanded with directions to the trial court to set aside its judgment herein, and to enter a decree declaring said Pearce note and the MacKenzie semiannual interest notes fully paid and extinguished, and directing that defendant de-

liver said notes and deed of trust to plaintiff for the purpose of having said deed of trust satisfied of record in the office of the recorder of deeds in the city of St. Louis, Missouri.

*Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.