GEORGE BELL, Appellant, v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS.—18 S. W. (2d) 40.

Division One, May 18, 1929.

888

*R. T. Brownrigg* and *Mason, Altman, Goodman & Flynn* for appellant.

*J. L. Howell* and *Roy W. Rucker* for respondent.

GANTT, J.—Plaintiff, in seeking to recover $25,000 damages for personal injuries, alleges that he was a fireman in the service of defendant and was injured in attempting to alight from a moving engine, the steps of which were covered with ice and snow which caused him to slip and fall to the ground.

The negligence charged was a failure of defendant "to provide plaintiff with a reasonably safe place and reasonably safe instrumentalities for the performance of his work."

The answer was a general denial, with a plea of assumption of risk, and pleas of negligence of plaintiff "in assuming a position upon the step board of an engine while the same was in motion so as to be in danger of falling therefrom," and "in assuming a position upon the step on the side of the engine while the same was in motion, and in attempting to alight therefrom while the same was in motion."

The reply was a general denial. Judgment was for defendant, and plaintiff appealed.

The evidence for plaintiff tends to show that on January 1, 1925, plaintiff, with three weeks experience as a fireman, entered the service of defendant as an extra fireman to fire switch engines used in moving cars from St. Louis, Missouri, to Relay Station, Illinois, and *vice versa;* that on the morning of January 3, 1925, plaintiff reported for duty to the defendant at the Twelfth Street roundhouse, in St. Louis, and was there instructed to report at Relay Station, Illinois; that he did so, and was assigned to engine 81, the steps of which were covered with ice; that he worked as fireman on said engine with engineer Burke from nine A. M. until 2:30 P. M. of that day, when, on their arrival at Washington Avenue station, in St. Louis, with a Pennsylvania train from Relay Station, they were relieved by engineer John Ditch and his fireman; that as they approached Washington Avenue station, engineer Burke, from whom plaintiff received orders, informed plaintiff that he (Burke) would leave the engine at said station, and directed plaintiff "to stay on

the engine and go to the [Twelfth Street] roundhouse to receive further orders;'' that engineer Ditch and his fireman boarded the engine as it was moving into said station, and thereupon Burke asked Ditch if he would slow down at Twelfth Street on his way with the passenger train to the Union Station to permit plaintiff to alight; that Ditch answered he would, whereupon Burke alighted from the moving engine, leaving plaintiff thereon; that plaintiff remained on the engine until it reached a point near Eleventh Street, when, in attempting to alight, he descended from the engine deck to the steps, from which he slipped and was injured.

The evidence for defendant tends to show that it was the duty of the engineer to see that there was no ice or snow on the steps.

I. The pleadings tender no issue as to whether or not plaintiff was engaged in interstate commerce at the time of his injury. It is alleged in the petition that he had been so engaged, but was relieved of that duty at Washington Avenue station, and that when injured he was en route to the roundhouse for orders.

Defendant concedes plaintiff was relieved of that duty at Washington Avenue station, that he remained on the engine after being so relieved, and that he left the engine somewhere between said station and Union Station.

From the foregoing it appears that plaintiff was not engaged in interstate commerce at the time of his injury, and on the oral argument the defendant, in effect, so conceded.

In Erie Railroad v. Welsh, 242 U. S. 303, plaintiff, a yard conductor of defendant, after executing all orders of his superior, including a movement of cars in interstate commerce, and while on his way to the yard office to report for further orders, was injured in attempting to alight from the moving engine as it neared the yard office. It was held that plaintiff was not at the time of his injury engaged in interstate commerce, and that ''the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act.''

It follows that the questions presented on this appeal must be determined by the laws of this State.

II. Plaintiff challenges defendant's Instruction 5, which follows:
''The court instructs the jury that even though you may find and believe from the evidence that there was ice and snow on the step of the engine mentioned in the evidence, yet if you further find and believe from the evidence the plaintiff was aware of the presence of ice and snow prior to the time of his stepping upon said step, and that a reasonably prudent person, under like or similar circumstances, would realize that there was danger of slipping if he stepped upon

said ice and snow, then plaintiff is not entitled to recover and your verdict should be in favor of defendant.'' •

Plaintiff knew there was ice and snow on the steps at the time he attempted to alight from the engine; and, if the jury found ''that a reasonably prudent person, under like or similar circumstances, would realize that there was danger of slipping, if he stepped upon ice and snow,'' the plaintiff would not for that reason be guilty of negligence in using the icy steps. A servant cannot be convicted of negligence ''unless the danger is so glaring as to threaten immediate injury.'' [Edmondson v. Hotel Statler Co., 267 S. W. 1. c. 615.] The instruction is erroneous and prejudicial.

But it is insisted that the danger was so glaring as to threaten immediate injury and a verdict should have been directed for defendant. We do not think so, for the evidence tends to show that immediate injury was not threatened by using the icy steps. Indeed, the engineer and fireman used them from nine A. M. to 2:30 P. M. of that day. The question was for the jury.

Furthermore, this issue was not tendered by the pleadings. But defendant insists that, even so, plaintiff is in no position to complain, for the reason he invited the court to submit the question of contributory negligence in his Instruction 1.

In that instruction the jury were told that if they found certain facts to be true, they should return a verdict for plaintiff, unless they found plaintiff was guilty of negligence directly contributing to his injury. This proviso was directed only to the negligence charged against plaintiff in defendant's answer and was not a broadening of the issues beyond the pleadings.

III. Plaintiff next challenges the rejection of testimony tending to show that trainmen in the performance of their work necessarily board and alight from moving engines and cars. No offer of proof was made. However, on a retrial the testimony should be admitted on the issue of contributory negligence. · The other assignments of error are without merit and are ruled against plaintiff.

It follows the judgment should be reversed and the cause remanded. It is so ordered. All concur.