George GOETZ and Mary F. Goetz, his wife, Plaintiffs-Respondents,

v.

Irvin G. SELSOR, et al., Defendants,

John D. Dukewits, Jane E. Dukewits, and Janet Byars, as Statutory Trustees of Gibraltor Land and Investment, Inc., a Missouri Corporation not in Good Standing; John D. Dukewits, Jane E. Dukewits, and Dr. Walter C. Dukewits, as Statutory Trustees of Jay-Dee Realty and Investment, Inc., a Missouri Corporation not in Good Standing; William E. Menzies and Sophie B. Menzies, Defendants-Appellants.

No. 12236.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1982.

Harold J. Fisher, Lynn C. Rodgers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for plaintiffs-respondents.

Larry K. Bratvold, Shepard & Bratvold, Springfield, for defendants-appellants.

PREWITT, Presiding Judge.

Respondents brought an action to quiet title, contending that an unreleased deed of trust, purporting to be a lien on property

they owned, was invalid.[1] The trial court quieted title in respondents free of any lien imposed by the deed of trust.

On April 12, 1974, respondents' predecessor in title to the property, Gibraltor Land & Investment, Inc. (Gibraltor), acquired a partial interest in the property. On that date John D. Dukewits, as president of Gibraltor, executed and delivered a promissory note in the amount of $19,500 to defendant Selsor. The note was given because of prior indebtedness of John D. Dukewits to Selsor. The exact amount owed at that time was not established by the evidence. Selsor testified that the note was given because John D. Dukewits owed him "in the vicinity" of ten or twelve thousand dollars. A deed of trust on the property, purporting to secure the payment of the note, was dated April 12, 1974, and acknowledged and recorded on November 22, 1974. On May 31, 1974 Gibraltor apparently acquired the outstanding interest in the property and had full ownership of the fee to it. Respondent George Goetz and Al Samons each acquired an undivided one-half interest in the property by deed from Gibraltor dated December 5, 1974. By deed dated December 6, 1976 Samons quitclaimed his interest in the property to respondent George Goetz.

There was evidence from Selsor that "before the middle part of 1974" John D. Dukewits' brother, Walter C. Dukewits, paid Selsor "in excess of, as I recall, of ten thousand, at one time" and at that time the amount satisfied John D. Dukewits' indebtedness to Selsor. John D. Dukewits was present when this occurred. Selsor then gave the note and deed of trust to either John D. Dukewits or his brother. In "a few months" John D. Dukewits brought the note to Selsor, asked him to endorse it to R. D. Neil and Selsor did so. Selsor received no payment from Neil or anyone else for the endorsement. On March 29, 1976 the note was used by Neil to secure a loan at a bank. The proceeds of the loan apparently went to John D. Dukewits. Appellant William E. Menzies contends that he paid the bank the amount of the loan and that in consideration of his doing so Neil endorsed the note to him. He claims to be the holder of the note.

The trial court found that the note was fully satisfied by Walter C. Dukewits' payment and that the debt secured by the deed of trust was therefore extinguished, which extinguished the lien. Appellants contend that William E. Menzies "as a bona fide purchaser for value" holds the note free of the defense of payment. In discussing this contention we will assume that at the time it was issued the note was a "negotiable instrument". § 400.3–104, RSMo 1969.

A deed of trust securing a negotiable note passes with it and if held by a holder in due course, the deed of trust has the same characteristics of negotiability and freedom from secret equities as does the note. *Smith v. Holdoway Const. Co.*, 344 Mo. 862, 129 S.W.2d 894, 904 (1939). Menzies had the burden of proof to show that he was a holder in due course. § 400.3–307(3), RSMo 1978; *Kreutz v. Wolff*, 560 S.W.2d 271, 276 (Mo.App.1977). The trial court did not make a specific finding on this issue. Therefore, we consider that this finding was in accordance with the result reached, Rule 73.01(a)(2), and that Menzies was not found to be a holder in due course. In view of the circumstances, particularly his prior business association with John D. Dukewits and a possible alteration to the note,[2] see § 400.3–407 and § 400.3–304(1)(a), RSMo 1969, it would have been reasonable for the trial court to have so found.

1. Respondents' three count petition also sought to quiet title to other property. This appeal only concerns one count of that petition and the facts recited here only pertain to that count.

2. A copy of the note attached to the deed of trust, which appears to be a photocopy of the front of the note, provides that the stated indebtedness is "Due in full on the 30th of December, 1974." On the original note typewritten X's have been placed over this language and typed above it is "extended to June 30, 1976". After that appears in handwriting "I.G. S." No mention of these differences or of any of the circumstances surrounding them is made in the testimony of the witnesses or in any other part of the record.

Appellants also contend that the trial court's finding that Walter C. Dukewits' payment satisfied the note was erroneous because the evidence did not show and the court did not find that the full amount of the note, $19,500, was paid. The evidence did not foreclose the possibility that earlier payments had been made on the note and that Walter C. Dukewits paid the full amount due as stated in the note including interest. Nevertheless, assuming that there was $19,500 plus interest due at the time the payment was made by Walter C. Dukewits and that he paid a lesser amount, we consider whether such payment extinguished the debt.

Walter C. Dukewits was not liable on the debt and Selsor testified that he accepted the payment from him in full satisfaction of the debt and gave the note and deed of trust to John D. Dukewits or Walter C. Dukewits. Where a creditor accepts from a stranger less than the amount due in full satisfaction of the debt, and that payment is made at the request of the debtor, there is an accord and satisfaction which discharges the entire debt. 1 Am.Jur.2d, Accord and Satisfaction, § 46, pp. 342–343; 1 C.J.S. Accord and Satisfaction § 29, pp. 506–507. See also *Enright v. Schaden*, 242 S.W. 89, 93 (Mo. banc 1922). It is a fair inference from their actions that Selsor, John D. Dukewits and Walter C. Dukewits intended that the debt be extinguished when Walter C. Dukewits made the payment, and Selsor testified that he considered that it had been satisfied. There was thus a sufficient basis for the trial court to determine that the debt was paid.

When a mortgage debt is paid the mortgage usually is extinguished and although under some circumstances it may be kept alive, no arrangement can be made to the prejudice of the intervening rights of subsequent purchasers. *Voelpel v. Wuensche*, 74 S.W.2d 14, 20 (Mo.1934); 59 C.J.S. Mortgages § 453, pp. 708–711. Selsor's testimony indicated that at the time he received the payment from Walter C. Dukewits there was no intention to keep the lien alive. Where the indebtedness has been paid a mortgage cannot subsequently be resuscitated and reissued as security for a new or different debt. 59 C.J.S. Mortgages § 477, p. 756. See also 70 C.J.S. Payment § 38, p. 245. As Menzies was not a holder in due course of the note and as the note had been paid, the deed of trust did not create a lien on the property. *Bacon v. Theiss*, 208 S.W. 254 (Mo.1918); *Dowling v. Grand Avenue Bank of St. Louis*, 216 Mo.App. 86, 267 S.W. 1 (1924).

The judgment is affirmed.

MAUS, C. J., and BILLINGS, J., concur.

HOGAN, J., disqualified.